EDWIN F. PLATT v. LOUIS NEWMAN.

*Land contract—Performance by vendor—Action for purchase price —Title—Covenants—Will—Interest of devisee—Easements.*

1. The fact that the title to real estate was in a testator will not. necessarily make an indefeasible title in his devisees.
2. Until an estate is settled, it can never be known how far land devised can be affected by debts or charges.
3. A land contract providing for a title which shall be *perfect* calls. for more than a warranty deed, and the vendee is not bound to rest upon covenants.
4. In this case it is held that the contract for the sale of the store does not merely provide that the vendee shall be saved against. merely legal interference, the language being "legal or *otherwise*," and that he is entitled to some assurance against disturbance beyond the contingencies of a lawsuit.

Error to Berrien. (O'Hara, J.) Argued June 13, 1888. Decided June 22, 1888.

*Assumpsit* on land contract to recover purchase price on tender of deed, etc. Defendant brings error. Reversed,. without a new trial. The facts are stated in the opinion.

*Edward Bacon* and *George F. Edwards,* for appellant, contended:

1. Unless the deed tendered would in fact and truth have conveyed all the title and all the rights that the contract called for, plaintiff cannot recover; citing *Allen v. Atkinson*, 21 Mich. 361; *Hammond v. Hannin*, Id. 385; *McCreery v. Green*, 38 Id. 181, 182; *Fletcher v. Button*, 4 Coms. 396; *Burwell v. Jackson*, 9 N. Y. 539; *Story v. Conger*, 36 Id. 673; *Gormley v. Kyle*, 137 Mass. 189.
2. The title was not sufficient if it was likely to be in litigation or contention as to the right to remove the stairs; citing *Scadin v, Sherwood*, 67 Mich. 230; *Dobbs v. Norcross*, 24 N. J. Eq. 327..

*Clapp & Bridgman,* for plaintiff, contended:

1. The title tendered was merchantable, originating in a patent, and coming to the testator by mesne conveyances in 1842, who occupied thereunder until his death; citing *Brown v. Witter*, 10 Ohio, 142; Bingham, Real Prop. 707, 708.

2. The property in question was devised to plaintiff as a specific legacy, and he had the right to take his estate as of the death of the testator; citing *Richards v. Pierce*, 44 Mich. 445.

3. The probate of the will established the before perfect title of the plaintiff, and the will when probated was a conveyance of all his father's title; citing How. Stat. §§ 5821, 5822; *Proctor v. Robinson*, 35 Mich. 290; *Eberstein v. Camp*, 37 Id. 176; *Richards v. Pierce*, 44 Id. 445.

4. In support of the denial of the existence of any easement growing out of the *use* of the stairway, counsel cited 3 Kent, Com. 419; Washb. Easem. 5, 6, 18; *Morgan v. Meuth*, 60 Mich. 238; *Tabor v. Bradley*, 18 N. Y. 112; *Nichols v. Luce*, 24 Pick. 103, 104; *Tracy v. Atherton*, 36 Vt. 503.

5. On the question of how rights of private way may be acquired, counsel cited 3 Kent, Com. 419; 2 Blackstone, Com. 35; 2 Washb. Real Prop. 51; *Parsons v. Johnson*, 68 N. Y. 62; *Mitchell v. Siepel*, 36 Am. Rep. 404; *Edson v. Munsell*, 10 Allen, 557; How. Stat. §§ 8698, 8705.

6. In support of the denial of any private way of *necessity*, and as to what is necessary to create it, counsel cited Washb. Easem. 162-165; *M'Donald v. Lindall*, 3 Rawle, 492; *Morgan v. Meuth*, 60 Mich. 252.

7. Distinct occupations indicate distinct methods of access, which must have been contemplated as probable at some time. The temporary use of the stairway in connection with the west store did not give permanent rights; citing *Scott v. Palms*, 48 Mich. 509; *Morgan v. Meuth*, 60 Id. 252; *Fetters v. Humphreys*, 19 N. J. Eq. 471; *Simmons v. Clooman*, 81 N. Y. 566; *Lampman v. Milks*, 21 Id. 516; *Parsons v. Johnson*, 68 Id. 62.

CAMPBELL, J. On July 14, 1887, the plaintiff agreed to sell to defendant a brick store and appurtenances in Niles, described as—

"Being the same devised to him by his father, and being the store next west to the store owned by William E. Platt, and which is now being repaired,"—

for the sum of $4,125 cash down.

Plaintiff further covenanted—

" To furnish an abstract of said property and premises, and to give a good and sufficient warranty deed of the same, and to convey the same to said Newman free and clear of all incumbrances."

It was further agreed that Newman should have one-half of the east and west party-wall, and the whole west wall if plaintiff owned it. It was further agreed that the contract should not be binding on Newman—

" Unless said Platt shall convey the indefeasible right, and said Newman shall acquire the same from said Platt by this purchase, to take out and remove wholly the front stairway now in said building, and shall be, as the owner of said store and premises, or otherwise, under no restraint or obligation, legal or otherwise, to maintain any stairway in or about said store or premises."

Plaintiff was to perform, and defendant to pay thereupon, within 30 days. Plaintiff furnished an abstract, and tendered a deed, within that time. Defendant refused to accept the conveyance as not a sufficient performance of the contract, and plaintiff sues.

The questions are not numerous. The plaintiff's father owned an entire block of three stores, including the one in question, and built a stairway in that store, which was used in connection with upper rooms in the other stores, and this is the stairway referred to in the contract. The father died early in 1887, and his will was admitted to probate in March, 1887. This contract was made in July. No letters testamentary, or bonds or inventory had been made out, and no further steps had been taken in the estate then or afterwards. These stores were specifically devised, one to plaintiff, one to another son, and the third in trust for a daughter and her children. There were specific bequests or devises of other property, and the children surviving testator were made residuary legatees.

After testator's death, the devisees took possession of the stores, and a claim was set up by the brother to the use of the stairway for his upper rooms. There was testimony that this use had been continuous, and that new stairs would have to be built on the adjoining premises if these were destroyed. The upper rooms had been rented for dwelling and office purposes, and other business uses.

The court below held that the stairway belonged exclusively to plaintiff's store, and that there was no other right in it; and the charge upon the other question was such as to authorize a recovery.

The fact that the title was in the testator would not necessarily make an indefeasible title in his devisees. Until an estate is settled, it can never be known how far land devised may be affected by debts or charges. The statute provides that residuary legatees may give bonds, and thereby render further administration needless; but there is no other way in which such a result can be produced. The contract calls for more than a warranty deed. It provides for a title which shall be perfect. Defendant was not bound to rest upon covenants. It is also evident that there is at least reason to expect trouble about the stairs. Any interference with their use would involve lawsuits; and, whatever may be the presumptions, it is very clear that the rights of the other parties could not be settled in this suit, to which they are strangers. The contract does not merely provide that defendant shall be saved against merely legal interference. The language is, " legal or otherwise." The reference in the contract to this stairway shows that there was some question about it in the minds of the parties, and we think defendant is entitled to some assurance against disturbance beyond the contingencies of a lawsuit.

We think, therefore, that plaintiff showed no right of action.

The judgment must be reversed, with costs of both courts. A new trial would be of no use.

SHERWOOD, C. J., CHAMPLIN and MORSE, JJ., concurred. LONG, J., did not sit.