ALBERT B. HICKOX v. THE CHICAGO & CANADA SOUTH-
ERN RAILWAY COMPANY AND THE LAKE SHORE
& MICHIGAN SOUTHERN RAILWAY COMPANY.

*Deed—Right of way—Defeasance.*

A deed of right of way contained the following defeasance clause:
> "If the said railway company, its successors or assigns,
> should fail to complete said railway through said premises, and
> to put the same in operation, within three years from the date
> hereof, or if, after such railway is completed and put in oper-
> ation, it should cease to be used and operated as a railroad,
> then, in either event, this release shall cease to be operative,.
> and the right of way granted thereunder shall terminate."

The railway company ceased to use the right of way except for
the storage of cars, and it is held that thereupon the deed had
no further force or effect.

Error to Lenawee. (Lane, J.) Argued November 12·
and 13, 1889. Decided December 28, 1889.

Ejectment. Defendants bring error. Affirmed. The
facts are stated in the opinion.

*Weaver & Bean (George C. Greene* and *O. G. Getzen-
Danner,* of counsel), for appellants, contended:

1. Is the deed made upon a condition subsequent? By its terms it
   so states, but it does not necessarily follow that such is its
   legal effect. Such conditions are not favored in law, and must
   be strictly construed; citing *Fraunces' Case,* 8 Co. 90b.

2. The deed contains no clause for a re-entry. This is not always
   essential, but there must be that or its equivalent; citing *Guild
   v. Richards,* 16 Gray, 317; and see How. Stat. § 5562, and
   *Barrie v. Smith,* 47 Mich. 130, construing it.

3. The grant was made in consideration of the sum of $1,400, paid
   the grantor by the grantee, and was not voluntarily made in
   consideration of certain supposed benefits to the grantors to be
   derived from the construction and operation of a railroad across
   the lands in question; citing *Horner v. Railway Co.,* 38 Wis.
   165, 174; *Rawson v. Inhabitants, etc.,* 7 Allen, 125, 130.

4. By the terms of the deed the land was to be used for the purpose of constructing and operating a railroad, not merely across these lands, but between Trenton and Fayette, which purpose would not inure specially to the grantor, but was in its nature general and public; hence it cannot be said that the deed, by its terms even, created an estate upon condition subsequent; citing·*Horner v. Railway Co.*, 38 Wis. 165, 175; *Strong v. Doty*, 32 Id. 381; *Rawson v. Inhabitants, etc.*, 7 Allen, 125, 130; *Woodworth v. Payne*, 74 N. Y. 196,

5. It was error to allow the plaintiff to give testimony that he had pastured his cattle on the right of way. It did not tend to prove an entry for breach of condition; citing *Guild v. Richards*, 16 Gray, 319.

6. The condition, if relied upon to work a forfeiture, is construed with great strictness; citing Sedg. & Wait, Tr. Tit. Land, §§ 212, 213, and cases cited; 4 Kent, Com. 129; *Barrie v. Smith*, 47 Mich. 130; *Smith v. Barrie*, 56 Id. 318; *Merrifield v. Cobleigh*, 4 Cush. 178; *Hunt v. Beeson*, 18 Ind. 380; *Gadberry v. Sheppard*, 27 Miss. 203; *Bradstreet v. Clark*, 21 Pick. 389; *Hoyt v. Kimball*, 49 N. H. 327; *Page v. Palmer*, 48 Id. 385; *Larabee v. Carleton*, 53 Me. 211; *Bank v. Hastings*, 1 Doug. 226; *Emerson v. Simpson*, 43 N. H. 475; *McKelway v. Seymour*, 29 N. J. Law, 321; *Society v. Stark*, 34 Vt. 243; *Blanchard v. Railroad Co.*, 31 Mich. 43; *Voris v. Renshaw*, 49 Ill. 426; *Lynde v. Hough*, 27 Barb. 415; *Calkins v. Smith*, 41 Mich. 412; *Waldron v. Railway Co.*, 55 Id. 420; *Berkley v. Railway Co.*, 33 Fed. Rep. 794.

7. A substantial performance is sufficient; citing *Spaulding v. Hallenbeck*, 39 Barb. 79; *McKissick v. Pickle*, 16 Penn. St. 140; *Broadway v. State*, 8 Blackf. 290.

8. To work a forfeiture for non-user there must be such an abandonment of the use as to indicate an intention not to continue its use; citing *Poitevent v. Supervisors*, 58 Miss. 810; *Osgood v. Abbott*, 58 Me. 73; *Mills v. Seminary*, 58 Wis. 135; *Chapin v. School-dist.*, 35 N. H. 445; *Crane v. Hyde Park*, 135 Mass. ·147.

*Clement Carpenter* and *Salsbury & O'Mealey*, for plaintiff, contended:

1. In the present case it is clear that what was contemplated by both parties was that the premises should be used as a part of the railroad's right of way, and operated as a railroad for the passing and repassing of trains, for carrying of freight and passengers, and that it was not contemplated by the parties that it should be used as a mere storage track. This view is

supported by the following cases: *Smith v. Barrie*, 56 Mich. 314; *Sperry v. Pond*, 5 Ohio, 387; *Langley v. Chapin*, 134 Mass. 82; *Dorr v. Harrahan*, 101 Id. 531; *Linzee v. Mixer*, Id. 512; *Keening v. Ayling*, 126 Id. 404; *Gillis v. Bailey*, 21 N. H. 149; *McKissick v. Pickle*, 16 Penn. St. 140; *Gibert v. Peteler*, 38 N. Y. 165.

MORSE, J. In this case the defeasance in the deed of right of way of the plaintiff to the Chicago & Canada Southern Railway Company reads as follows:

"If the said railway company, its successors or assigns, should fail to complete said railway through said premises, and to put the same in operation, within three years from the date hereof, or if, after such railway is completed and put into operation, it should cease to be used and operated as a railroad, then, in either event, this release shall cease to be operative, and the right of way granted thereunder shall terminate."

We think that when this right of way ceased to be used and operated as a railroad, and was used only for the storing of cars, the defeasance became operative, and the conveyance had no further force or effect.

The judgment is correct, and is affirmed, with costs.

SHERWOOD, C. J., and LONG, J., concurred with MORSE, J.

CAMPBELL, J., (*dissenting*). Plaintiff sued in ejectment to recover land granted by him and his ancestor to be used for railway purposes, which he claims has reverted for breach of condition in not maintaining the line across it for the purpose of running the usual trains of freight and passengers. The court below held the condition broken, and the estate forfeited.

The case is substantially as follows: In 1872 the Chicago & Canada Southern Railway Company was engaged in building a railway from Detroit river to Fayette, in Ohio, not very far south of the state line. Its course took it through Lenawee county in a general direction of

about south, thirty degrees west, crossing the Lake Shore & Michigan Southern Railway at Corbus, a station between two and three miles north-east of the land in question, and going through Grosvenor, a station about the same distance south-west. The Chicago & Canada Southern Railway continued to run its trains over the railway through both these places until 1879, when it became consolidated in business with the Lake Shore & Michigan Southern, which thereafter had charge of all the running arrangements. The Lake Shore & Michigan Southern had a track running between Corbus and Lenawee junction, more nearly east and west, which passed through two other stations between, and another track through Lenawee junction, passing through Grosvenor. In 1879 the Lake Shore & Michigan Southern, in runing from Detroit river to Fayette, used its own tracks between Grosvenor and Corbus, through Lenawee junction, and left off the use, for regular trains of the Canada Southern, of the space between Grosvenor and Corbus, on the original track of the latter, making no other change along either line. No station ever existed on the Canada Southern between Grosvenor and Corbus, which were the nearest stopping places to plaintiff's land on that line. The maps do not indicate the wagon roads, but, in actual distance, one or more of the Lake Shore & Michigan Southern road stations west of Corbus would seem to be about as near to plaintiff   as Grosvenor or Corbus.

On August 23, 1872, plaintiff and his associates in title executed to the Chicago & Canada Southern Railway Company a warranty deed of the right to enter upon, construct, maintain, and operate its road in and upon the N. E. ¼ of the N. E. ¼ of section 16, the north ½ of the N. W. ¼ of section 15, and all that part of the west ½ of the S. W. ¼ of section 10, township 7 south, of range 5 east, that lies within fifty feet of the center line of said

railway company's track, as the same is located on the S. E. corner of said W. ½ of said section 10, and to use and occupy for its railroad a strip of land 100 feet in width across said above-described premises as the same is now located thereon by said company, except 20 feet off the north side of said right of way from the highway 10 rods west; reference being had, for a more definite description of said strip of land, to the map of the route of said company, on file in the office of the register of deeds for said county of Lenawee; said company to construct one farm crossing with cattle-guards, and one crossing with gates, upon the above-described premises; also to construct a ditch, etc. The *habendum* clause is—

" To have and to hold said strip of land, for the uses and purposes aforesaid and incidental thereto, to said railway company, its successors and assigns, forever."

The condition is in these words:

" If the said railway company, its successors or assigns, should fail to complete said railway through said premises, and to put the same in operation, within three years from the date hereof, or if, after such railway is completed and put into operation, it should cease to be used and operated as a railroad, then, in either event, this release shall cease to be operative, and the right of way granted thereunder shall terminate."

The release was made for a money consideration of $1,400.

After the combination made in 1879, the Lake Shore & Michigan Southern ceased to run regular trains over the old right of way between Corbus and Grosvenor, over plaintiff's land; and that track has been used almost exclusively as a side track for storage of cars. There was testimony that it was kept in repair, on which there was some conflict, and since suit brought it has been used more or less for trains. There was also testimony, which does not seem to us of any importance on this issue,

tending to show such conduct in regard to storage of cars and neglect of local neatness, and such failure to keep the ground in good order, as created annoyance in the enjoyment of the farming premises.

We have not been able to construe this deed as it appeared to the circuit judge. The doctrine is familiar that conditions of forfeiture are to be construed strictly, and cannot be enforced so as to destroy an estate, unless such is the necessary result from the language used; and our statutes have gone further, and forbidden the enforcement of forfeitures, unless the conditions are—

"Of actual and substantial benefit to the party to whom, or in whose favor, they are to be performed." How. Stat. § 5562.

The right granted was for the purpose of constructing, maintaining, and operating the railroad, and purposes "incidental thereto." The location of the strip of 100 feet is by reference to the map of the route of the company, which covered its line through the county, if not more, under the railroad laws; and the railroad itself is one thing, and not a series of detached parcels. Neither is a company confined to a single line of rails, but it may make such intersections, side tracks, and other conveniences as business may require. Places for storage and movement of cars are as necessary as any other facilities, and are a part of the maintenance of every road in the transaction of its business. Had this road kept up its trains on this cut-off between Corbus and Grosvenor, it could not be seriously claimed that a parallel side track, for the whole distance, could not be kept up, in the ordinary use of its right of way, for the purposes now complained of.

In order to arrive at the construction claimed by plaintiff, it is necessary to introduce two changes in the language of the condition, and add to the words "used and

operated as a railroad," "by running its trains over the said strip of land." These are not unimportant changes.

The deed contains certain conditions for the benefit of the premises themselves, which are not secured by any forfeiture clause. One is the construction of two kinds of crossings; the other is the construction of an important ditch. It is obvious to any one that a failure to do either of these things might work serious mischief, and, therefore, that they, if made conditions, would be substantial. But they are not included in the defeasance at all.

The deed says nothing about the running of trains, but it does contemplate that the railroad shall not be abandoned. When we consider in what way a railroad would help the landholder, as we are bound to do in order to see whether the condition is of substantial benefit, we fail to see the force of the plaintiff's contention.

It is evident enough that the railroad referred to is the railroad which leads to the different *termini* at either end. It would do no good to any one to have a railway merely crossing plaintiff's land, and leading nowhere. It could only help him by being a thoroughfare, and could only help him then because he could get access to it somewhere. There is nothing in this deed which requires a station on or near plaintiff's farm. To reach it, he must resort to some station. As the road is now used, there has been no change in the stations, and all of them are as accessible as before. It has never been deemed a benefit to any one to have his land crossed by a railway, when no trains stop there. As a matter of common sense, it is a harm, and not a benefit, to have trains crossing one's premises, and substantial damages are granted for doing so. It is better for any one to have his neighbors' lands occupied, rather than his own, unless his own lands are made more accessible. If the

deed called for the running of trains over plaintiff's land, it would be at least worthy of consideration whether such a condition was beneficial. But, with the general experience to the contrary, we do not think we are justified in adding such a condition to the language of the deed, for the express purpose of making it a cause of forfeiture.

We think the fair meaning of the clause confines the forfeiture to the substantial abandonment of a railroad, and not of a part of the use of the small fraction of it between Corbus and Grosvenor; and, further, that this particular part cannot be regarded as abandoned while it is used for the every-day necessities of a railroad in its course of business, as this is.

Dilapidation, and neglect in keeping the road on this strip in nice order, are not made grounds of forfeiture. If defendants allow or cause nuisances or other wrongs, the law has remedies which are adequate. There is no covenant or condition against using one or more tracks for any legitimate purpose, so long as the roadways and crossings and drainage are provided. Offensive articles are no more and no less a nuisance than if a track were used for running trains, and another, or more, for storage of cars, and abuses of all sorts can be redressed by other remedies.

We think the estate was not forfeited. The judgment should be reversed, with costs, and a new trial granted.

CHAMPLIN, J., concurred with CAMPBELL, J.