### MacLEOD v. HAMILTON.

1. VENDOR AND PURCHASER—LAND CONTRACTS—DESCRIPTION—SURPLUSAGE.
   Where lots conveyed in land contract were described as being in "Beech Hill Park subdivision," when in fact there is no such subdivision, but lots are in "Beech Hill subdivision," and there is no difficulty in locating them from other description, word "Park" is treated as surplusage. ·

2. SAME—RELEASE OF LOTS—ADDITIONAL PAYMENTS.
   Where vendee was in default in payments as well as taxes he was not entitled to release of lots because of payments on contract, since they were not "additional" payments provided for in contract commanding release of lots.

3. EASEMENTS—DRAINS—ABANDONMENT.
   Easement granted county for purpose of drain may be extinguished by abandonment of purpose or by renunciation showing that other means employed serve purpose.

4. SAME—EASEMENT FOR PARTICULAR PURPOSE—TERMINATION.
   Grant of easement for particular purposes terminates as soon as such purposes cease to exist, are abandoned, or are impossible.

Extinguishment of easement by abandonment, see annotation in 1 A. L. R. 886; 66 A. L. R. 1103. ·

5. SAME—DRAINS—ABANDONMENT—CLOUD ON TITLE.
    Grant of easement for drainage purposes only was abandoned
    by establishment of drain elsewhere, right of way ceased, and
    easement is but cloud on title.

6. VENDOR AND PURCHASER—FORECLOSURE—CLOUD ON TITLE—RESCIS-
    SION.
    Where abandoned easement is cloud on title, vendor is not en-
    titled to foreclose land contract until cloud is removed, but it
    constitutes no justification for rescission by vendee.

7. COSTS.
    Where both parties appeal without avail, neither are awarded
    costs.

Appeal from Oakland; Doty (Frank L.), J. Sub-
mitted April 21, 1931. (Docket No. 58, Calendar
No. 35,535.) Decided June 1, 1931.

Bill by Mary T. MacLeod against Claude F. Ham-
ilton to foreclose a land contract. Cross-bill by
defendant for rescission. From decree dismissing
both bill and cross-bill, both parties appeal. Af-
firmed.

*Dykema, Jones & Wheat,* for plaintiff.

*Robert M. Drysdale,* for defendant.

WIEST, J. The bill herein was filed to foreclose
a land contract. Defendant, by answer, set up
that the grantor did not have a marketable title
because of an easement for a drain granted the
county of Oakland in 1876, and, by cross-bill, asked
rescission for that reason and because of an alleged
slight shortage of land and the refusal of plaintiff
to release lots. There was also the claim by defend-
ant that the lots were described as "in Beech Hill
Park subdivision," and there is no such subdivision.
In fact the lots are in "Beech Hill subdivision,"

and the circuit judge considered the word "park" surplusage, "because the quarter sections, township and county were named and there would be no difficulty in locating the premises." With this holding we agree.

The circuit judge also held:

"The claim as to the discrepancy in measurements is rather indefinite and uncertain; the surveyor didn't find any alignments from which he made his measurements, but took fence lines and there was no testimony as to how long the fences had been recognized as lines between the properties."

The alleged shortage was about seven and one-half inches on the west side of certain lots in the subdivision.

The contract contained the following release clause:

"Any residence lot in said subdivision to be released upon the additional payment of one and one half times the *pro rata* proportion that the lots bear to the balance due upon said lots and two times the *pro rata* proportion for lots on Maple Road when said deeds are called for."

Defendant admits default in payments as well as taxes, but asks for release of lots because of payments made under the contract. Such payments were not "additional" payments commanding release of lots. The decree, dismissing the cross-bill and denying relief to defendant, is affirmed.

The circuit judge stated:

"The plaintiff is attempting to foreclose her land contracts and should be in a position to tender defendant a deed carrying marketable title in accordance with the contracts signed by the parties. It is admitted that she is unable to do that at this time.

"No claim was ever made by the defendant of any discrepancies in description or any fault found in the title until after suit to foreclose the contracts was started. However, that does not relieve plaintiff from the necessity of being in a position to deliver deeds showing marketable title and before she can attain a position to foreclose the contracts she must be in such a position."

For that reason plaintiff's bill was dismissed without prejudice.

The easement was granted by deed, executed July 14, 1876, and released and conveyed to the county of Oakland "the right of way and the necessary lands for the construction of the said watercourse, ditch or drain and for no other purpose whatever across and over the lands of the which they have control." This easement touched but a slight part of the subdivision. No ditch or drain was ever constructed under the easement and the proposed drainage was provided elsewhere. For 54 years this easement has been dormant and renounced by the county in the establishment of the drainage elsewhere. Such an easement as this can be extinguished by abandonment of purpose or by renunciation showing that other means employed serve the purpose.

It is settled law that:

"A grant of an easement for particular purposes having been made, the right thereto terminates as soon as the purposes for which granted cease to exist or are abandoned or are impossible." *Chicago & N. W. Ry. Co.* v. *Sioux City Stockyards Co.,* 176 Iowa, 659 (158 N. W. 769).

The grant was of an easement for drainage purposes only, and when the contemplated purpose was abandoned by establishment of the drain elsewhere

the right of way ceased and the easement was but a cloud. Upon this subject see *California & N. R. Co.* v. *Mecartney,* 104 Cal. 616 (38 Pac. 448); *Bangs* v. *Potter,* 135 Mass. 245; *Batchelder* v. *State Capital Bank,* 66 N. H. 386 (22 Atl. 592).

While such is the rule, it does not save plaintiff's case, but does prevent rescission by defendant. This suit is to foreclose and not to remove a cloud on the title. The county of Oakland is not a party to this suit, and is entitled to a day in court. The mere record of the outstanding easement is sufficient to command assurance to defendant against the contingencies of a law suit. *Platt* v. *Newman,* 71 Mich. 112. The easement is undoubtedly moribund, and, under the evidence, constitutes no justification for rescission by defendant, but does require plaintiff, before exacting performance by defendant, to be in a position to tender a marketable title. The plaintiff can remove the cloud, now of record, and file a new bill to foreclose.

The decree in the circuit is affirmed. Both parties having appealed, without avail, neither can have costs.

BUTZEL, C. J., and CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.