## KERN v. SCHAAR.

1. TAXATION—SCAVENGER SALE—TITLE—EASEMENTS.

A quitclaim deed by the State to a purchaser of lands at a so-called scavenger sale conveys the title in fee free from any encumbrances such as easements which had existed for more than the period necessary for ripening into prescriptive rights (CL 1948, § 211.359).

2. BROKERS—UNDEDICATED ALLEYS—PURCHASE OF ABUTTING LOTS.

Real-estate broker who owned 10' x 200' strip of land at back of lots which was not dedicated for use as alley for lots for which he negotiated sales to defendants, who owned 2 other lots also adjacent to lots defendants purchased and the 10' strip and who obtained a deferral of action by defendant purchasers upon their discussion of the strip of land usable for alley purposes *held*, not to have become legally obligated to permit defendants' use of such strip.

3. EQUITY—CLEAN HANDS—INJUNCTION—RECORD.

Claim that real-estate broker came into court of equity without clean hands when he sought to enjoin defendants from using

REFERENCES FOR POINTS IN HEADNOTE
[1] 51 Am Jur, Taxation § 1078.

10' x 200' strip of land which abutted rear of 2 lots for which he had previously negotiated sale to defendants *held*, without foundation under record presented.

Appeal from Oakland; Hartrick (George B.), J. Submitted January 5, 1954. (Docket No. 4, Calendar No. 45,828.) Decided February 18, 1954.

Bill by Paul A. Kern against Albert C. Schaar, as Al's Auto Parts, and Lewis Schaar, to enjoin use of property under claimed easement. Decree for plaintiff. Defendants appeal. Affirmed.

*Dudley & Patterson,* for plaintiff.

*Odin H. Johnson,* for defendants.

Bushnell, J. Defendants Albert C. Schaar and Lewis Schaar are the owners of property located in the city of Pontiac, consisting of lots 4 and 5 and the west portion of lot 23 of Assessor's Plat No 35. Plaintiff Paul A. Kern is the owner of lots 2 and 3. On or about June 6, 1940, Kern purchased, through the State land office board, at a scavenger sale (CL 1948, § 211.351 *et seq.* [Stat Ann 1950 Rev § 7.951 *et seq.*]) property known as lot 24 of Assessor's Plat No 35. This lot is 10 feet wide and about 200 feet deep. It lies southerly of lots 2, 3, 4 and 5, and northerly of lot 23.

The record before us is barren as to who was the former owner of lot 24, title thereto having been acquired in 1938 by the State for nonpayment of taxes for 1935 and prior years. For many years prior to the tax sale this lot had been used as a private alleyway by abutting property owners and had never been dedicated to the use of the public. Kern, a real-estate broker and a commissioner of the city of Pontiac, was the broker in the sale of lots 4 and 5, the first sale being lot 5 in 1941. When negotiations

were being conducted in 1950 for the transfer of title to lot 4 there were discussions as to lot 24. Defendants claim that Kern made this statement:

"We will do one thing at a time and you don't need to worry about that 10-foot strip."

Kern admitted making the first part of the statement but denied the remainder.

There is an intimation that a $50 consideration was discussed regarding a contemplated transfer of a portion of lot 24. However, nothing materialized and finally Kern served notice on defendants that they must cease using his property as a means of ingress and egress. A barricade was erected on lot 24, which was torn down, and Kern brought suit in equity to restrain defendants from using this lot. Defendants have appealed from a decree permanently enjoining them and others from using plaintiff's property.

Appellants contend that the acquisition of a tax deed from the State does not relieve the purchaser of prior easements that had been in existence for more than 50 years. Appellants' position cannot be sustained in the light of CL 1948, § 211.359 (Stat Ann 1950 Rev § 7.959), which reads in part:

"Any quitclaim deed or deeds executed by the board or department shall convey title in fee to land under the provisions of this act, free from any encumbrances, including all taxes and special assessments which were cancelled by the decree pursuant to which the State obtained title, except as herein otherwise provided."

We see no need to repeat our observations on this question, which may be found in *Young* v. *Thendara, Inc.,* 328 Mich 42.

Defendants argue that Kern's view should not be sustained because of our decision in *Stansell* v. *American Radiator Co.,* 163 Mich 528. In that case

one who purchased property at a tax sale was held to have merely discharged his preexisting duty to pay the tax and, therefore, he acquired no new rights in the easement then in question.

The only showing in the record before us as to any duty on the part of Kern is that which is claimed to have arisen out of his representations at the time he acted as a broker in the sale of lot 4. Such a nebulous foundation as that indicated above does not rise to the dignity of a legal duty. We have found nothing in this record which created a duty or agreement requiring Kern to pay the taxes on lot 24. Defendants' claim of equitable estoppel and the resulting effect of Kern's responsibility as a city commissioner and a real-estate broker is wholly without merit. Although he is charged in appellants' argument with having come into equity without clean hands, there is no foundation whatever for this contention.

The decree is affirmed, with costs to appellee.

BUTZEL, C. J., and CARR, SHARPE, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.