MOCERI *v.* CITY OF ST. CLAIR SHORES.

1. DEDICATION—PLATS—LIMITED PERIOD—CONTINUANCE IF NECESSARY.

> Plat dedication to public of an easement or right-of-way of westerly 27′ of certain lots "for the period of 5 years from the date of acknowledgment of this plat, said easement to continue in force after said 5-year period should said public require its necessity," is construed by giving the language its ordinary significance, the grant of the right-of-way for the specified period subject to continuance if public necessity so required, hence, where there was no effort made to accept the easement until 34 years later, it is apparent the public necessity had not required it in the interim.

2. TAXATION—EXTINGUISHMENT OF EASEMENT—FREEDOM FROM ENCUMBRANCES.

> Easement of passage over side of lots in plat, if in effect at time title vested in State for nonpayment of taxes, was extinguished, where statute relative to conveyances by State provided title should be free from any encumbrances (CL 1948, § 211.359).

Appeal from Macomb; Spier (James E.), J. Submitted April 4, 1962. (Docket No. 22, Calendar No. 48,983.) Decided May 17, 1962.

Bill by Anthony Moceri, Ann Moceri, and Herbert Roscoe Neal against the City of St. Clair Shores, a municipal corporation, to enjoin construction of sidewalk on a right-of-way designated in plat but claimed

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 16 Am Jur, Dedication §§ 22, 25, 35, 37, 39, 49, 50.
[2] 17A Am Jur, Easements § 169.
Easement or servitude or restrictive covenant as affected by sale for taxes. 168 ALR 529.

extinguished by changed circumstances. Decree for plaintiffs. Defendant appeals. Affirmed.

*William B. Ward,* for plaintiffs.

*John H. Yoe,* for defendant.

CARR, C. J. This case was submitted to the trial court on the pleadings, a stipulation as to the facts, and the arguments of counsel. Involved is the interpretation of a provision in the plat of Henry VanLerberghe subdivision in the city of St. Clair Shores, Macomb county. The clause in question reads as follows:

"The undersigned hereby grant to and for the use of the public an easement or right-of-way over the Wly. 27 feet of lots numbered 1 to 22 both inclusive for the period of 5 years from the date of acknowledgment of this plat, said easement to continue in force after said 5-year period should said public require its necessity."

The plat was recorded on February 27, 1925. No action was taken by the defendant city to accept the dedication until the latter part of the year 1959 when grade stakes were placed in preparation for the installation of a sidewalk within the boundaries of the easement as specified in the plat, approximately 7 or 8 feet from the front of the residence of plaintiffs Moceri. It appears that said residence had been built during the years 1958 and 1959, and that the defendant city issued a building permit therefor.

It further appears from the stipulation of the parties that in 1951 the State highway department instituted condemnation proceedings to obtain 10 feet of the westerly 27 feet of the lots referred to in the grant of the easement as set forth in the plat. Said

10-foot strip was obtained for a consideration of $2,000. No claim was made at the time that the city had an easement, or right-of-way, over the property.

Following the action of the city in preparing for the construction of a sidewalk on the property in question plaintiffs instituted the present suit for injunctive relief, claiming absolute ownership of the land on which the city proposed to construct the sidewalk. Defendant by answer asserted the existence of the easement contained in the 1925 plat of the subdivision, alleging that said easement remained in full force and effect after the 5-year period, and that, in consequence, the city had the right to install the sidewalk thereon.

The trial judge sustained the claim of the plaintiffs with reference to the interpretation of the dedicatory clause in the plat, saying, in part:

"It is the court's interpretation of this paragraph that the dedication granted an easement or right-of-way over the westerly 27 feet of the lots in question for a period of 5 years from the date of the plat. If the public had exercised this right of easement by roads, sidewalk or any other method of acknowledgment, use or acceptance of the easement within the 5-year period, then that easement would continue in force after the said 5-year period should its necessity continue.

"It is the opinion of the court that said easement or right of use to the public expired at the end of the 5-year period by reason of its nonuse or nonacceptance.

"Had the original subdivisors [subdividers?] intended any permanent easement of indefinite period, they could have easily so stated and dedicated. The specific limitation of 5 years must have been put there for an express purpose of limiting the grant, or otherwise it would not have been written in. The dedication contains other unrestricted easements."

Decree was entered accordingly, granting the relief sought in the bill of complaint, and defendant has appealed.

We are in accord with the suggestion of the trial judge that had the owners of the property described in the plat intended to grant a continuing easement, subject to acceptance by the city at any time in the future, the 5-year limitation would not have been made. Giving to the language its ordinary significance, it is apparent that what was intended was a grant of an easement for the period specified subject to the provision that the right-of-way should continue in force on the expiration of said period if public necessity so required. Had the city constructed a sidewalk or otherwise made use of the property for the public purpose indicated during the 5 years of the grant, such sidewalk being maintained and used by the public, it is a fair assumption that its continued necessity would have been established by facts. However, the failure of the city to act until 1959, some 34 years after the dedication, must be taken to establish the lack of any necessity for the use of the right-of-way by defendant until the institution of the proceedings that plaintiffs seek to enjoin.

The language above quoted, as set forth in the plat, may not be construed as granting an easement for a 5-year period, during which there was no acceptance presumably because of a lack of necessity therefor, with the right on the part of defendant to insist that the easement had been revived at any subsequent time when necessity for the use thereof arose. Had the owners of the property, in preparing the plat thereof and causing it to be recorded, intended the grant of a continuing easement for acceptance at any time in the future when necessity therefor might arise we must assume that appro-

priate language to express such intention would have been used.

We are not here concerned with an attempt on the part of the grantor of an easement for public purposes of the character here involved to impose an inconsistent condition or reservation on the grant. Rather, the issue before us involves the extent of the grant which we think the language quoted clearly indicates. The decision of *Village of Grosse Pointe Shores* v. *Ayres,* 254 Mich 58, to which counsel for defendant has called attention, is not pertinent to the question of construction in the case at bar.

It further appears from the stipulation of facts that lots 1 through 9 of the subdivision became the property of the State of Michigan, presumably as a result of sale for nonpayment of taxes, and were sold by the State to plaintiff Neal in 1944. Neal and wife later conveyed to the Moceris. The stipulation is in accord with the averments of like import in plaintiffs' bill of complaint. The trial judge did not in his opinion in the case discuss the claim of plaintiffs that because of the vesting of title in the State the easement, if such existed at the time of such vesting, was extinguished. However, the claim made finds support in statutory provisions relating to sales of property title to which has become vested in the State under proceedings taken because of the nonpayment of taxes.* CL 1948, § 211.359 (Stat Ann 1960 Rev § 7.959), provides in effect that deeds executed by the State shall convey title in fee to land "free from any encumbrances." Such provision was considered by this Court in *Young* v. *Thendara, Inc.,* 328 Mich 42; *Grand Rapids Township Highway Commissioner* v. *Walkotten,* 335 Mich 612; *Kern* v. *Schaar,* 338 Mich 637. In accordance with the language of the statute and the decisions cited, the

---

* PA 1937, No 155, as amended (CL 1948, § 211.351 *et seq.,* as amended [Stat Ann 1960 Rev § 7.951 *et seq.*]).

conclusion follows that plaintiffs' claim with reference to the extinguishment of the easement, if any such easement was in effect at the time title vested in the State, is well founded.

The trial judge correctly disposed of the controversy and the decree entered is affirmed. Plaintiffs may have costs.

DETHMERS, KELLY, BLACK, KAVANAGH, SOURIS, OTIS M. SMITH, and ADAMS, JJ., concurred.