ANDERSEN v. SCHMIDT

1. PROPERTY—EASEMENTS—PURPOSE OF EASEMENT—DURATION OF EASEMENT.

An easement granted for a particular purpose terminates as soon as the purpose for which it was granted ceases to exist, is abandoned, or is rendered impossible.

2. PROPERTY—EASEMENTS—ACCESS TO BOATHOUSE—DURATION OF EASEMENT.

Easement granted to plaintiffs' predecessor in title, owner of an island in a lake, by the owner of land on the shore of the lake, that allowed plaintiffs' predecessor the privilege of ingress and egress over defendants' predecessor's land to get to his boathouse on the shore of the lake *held* to have expired when the boathouse collapsed; therefore plaintiffs have no right to use the land of defendants to get to the shore of the lake.

Appeal from Grand Traverse, Charles L. Brown, J. Submitted Division 3 March 5, 1969, at Grand Rapids. (Docket No. 5,188.) Decided March 27, 1969.

Complaint by Edward H. Andersen and Margaret W. Andersen against Harold F. Schmidt and Catherine Schmidt and 6 others, for a judgment awarding plaintiffs an easement over certain of defendants' property. Judgment for defendants. Plaintiffs appeal. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 25 Am Jur 2d, Easements and Licenses §§ 99, 101, 106. Cessation of easement of way by necessity upon cessation of necessity. 103 ALR 993.

*Running, Wise & Wilson,* for plaintiffs.

*Murchie, Calcutt & Brown,* for defendants.

BEFORE: QUINN, P. J., and HOLBROOK and T. M. BURNS, JJ.

PER CURIAM. A predecessor in title of the present defendants executed in favor of a predecessor of the present plaintiffs an agreement in words as follows:

"For and in consideration of $25 to me in hand paid by H. S. Clark of Traverse City, Michigan, I, the undersigned Henry Sackett of Blair Township, Grand Traverse County and State of Michigan, do hereby grant to H. S. Clark his heirs and assigns the right and privilege of ingress and egress over my land to his boat house on the shore of Silver lake, said land is described as follows:
"Lot 4 section 6, Township 26 North, Range 11 West."

The 1924 agreement was recorded and appears in plaintiffs' chain of title. Plaintiffs own an island in Silver lake. Evidence established that the boathouse referred to in the agreement was not used after 1944. By 1950, it had so deteriorated that it was not usable and by 1960 it had collapsed entirely, and the remains were put in a pile by the owner of the land. Plaintiffs brought this action requesting the Court to find an easement appurtenant over the lands of the present landowners-defendants to the water's edge of Silver lake. Judgment was granted in favor of defendants, denying plaintiffs relief. Plaintiffs appeal.

Plaintiffs contend that the original agreement created a conveyance of a perpetual easement over defendants' land, which has not terminated, and

allows plaintiffs to now complete a road to the lake, build a dock, boat landings and buildings for their use in getting to their island.

Plaintiffs admit in their brief that in the original agreement the boathouse premises were not conveyed. On the basis of conflicting evidence in determining the question of fact, the trial court came to this same conclusion.

The learned trial judge in his opinion made the following ruling:

"It is the law of this state that an easement granted for a particular purpose terminates as soon as the purpose for which the easement was granted ceases to exist, is abandoned, or is rendered impossible." *Waubun Beach Association* v. *Wilson* (1936), 274 Mich 598; *MacLeod* v. *Hamilton* (1931), 254 Mich 653.

The terms of the agreement provided a grant of ingress and egress over defendants' land to get to the boathouse. It is apparent that the boathouse was essential to the purpose if the grant was to be effective.

It was not established that defendants, or their predecessors in title, ever owned plaintiffs' island in Silver lake, since no real property interests were conveyed in the agreement, nor have plaintiffs or their predecessors in title ever owned the land where the boathouse stood; therefore the existence of the boathouse is essential to the rights conveyed in the agreement. The collapse of the boathouse in 1960 made the ultimate purpose for the creation and existence of the right of ingress and egress hopeless and impossible.

The trial court's determination that the purpose of the agreement and the rights thereunder were terminated when the boathouse collapsed is supported by the following cases: *Waubun Beach*

*Association, supra; MacLeod, supra; Tillman* v.
*People* (1864), 12 Mich 401; *Day* v. *Walden* (1881),
46 Mich 575; *Negaunee Iron Co.* v. *Iron Cliffs Co.*
(1903), 134 Mich 264; *Hasselbring* v. *Keopke*
(1933), 263 Mich 466.

The trial court could not nor can we now establish a different agreement than that which was created, for to do so would be to write a new contract between the parties without consideration.

Affirmed    Costs to defendants.