74 F.3d 1240
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Chester BELKA, et al., Plaintiffs-Appellees,
v.
The PENN CENTRAL CORPORATION, et al., Defendants-Appellants.
 No. 93-2457.
 United States Court of Appeals, Sixth Circuit.
 Jan. 10, 1996.
 
 Before: KRUPANSKY, NELSON and DAUGHTREY, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal from a district court order quieting the plaintiff landowners' title to numerous parcels of real property that had been burdened with a railroad right-of-way. The right-of-way, which was used in railroad operations for more than a century, extended from what is now the southern terminus of the Kent Trails recreational trail in the Village of Byron Center, Michigan, to what is now the Conrail railhead in the Village of Otsego, Michigan, a distance of 30.5 miles.
 
 
 2
 No part of the right-of-way is currently being used in railroad operations. Intermittent segments of the rail corridor, aggregating some three miles in length, have been disposed of by sale or lost through condemnation without reservation of a right of usage for railroad purposes.
 
 
 3
 The detailed facts of the case were stipulated by the parties and are summarized in an opinion filed by the district court (Bell, J.) on October 14, 1993. We shall not repeat this recital here. We note, however, that after the parties filed their stipulation, the Michigan Department of Natural Resources offered to purchase the defendants' right-of-way interest for a substantial sum of money. The offer was contingent upon the successful defense of the plaintiffs' lawsuit and the giving of assurances that the rights conveyed would include a right to use the property as a trail.
 
 
 4
 Applying Michigan law, the district court held, on cross motions for summary judgment, that the right-of-way had been abandoned; that even if not intentionally abandoned, it had been extinguished by impossibility of use; and that title to the right-of-way should be quieted in the plaintiffs. The defendants, which are successors in interest to the Penn Central Transportation Co.--the entity that last used the right-of-way in railroad operations--have perfected a timely appeal.
 
 
 5
 The defendants contend, among other things, that the facts do not show an intent to abandon the right-of-way; that use of the right-of-way for the purposes for which it was granted has not become impossible; that the reasoning employed in City of Boyne City v. Crain, 179 Mich.App. 738, 446 N.W.2d 348 (1989), where a railroad right-of-way was held to have been extinguished by impossibility of use, does not support a finding of impossibility on the particular facts of the instant case; and that the impossibility rule should not be applied to extinguish interests that have important value to the grantees and to the community. The Kent County Board of Park Trustees, which established the Kent Trails recreational trail adjacent to the northernmost segment of the right-of-way at issue here, filed an amicus brief in support of the defendants' position.
 
 
 6
 The appeal turns on questions of Michigan law as to which there is no controlling precedent from the highest court of the state. The Michigan Court Rules permit federal courts to certify such questions to the Michigan Supreme Court. See M.C.R. 7.035(B). Accordingly, and given the importance to both the community and the litigants of the questions of Michigan law presented here, this court certified the following questions to the Michigan Supreme Court:
 
 
 7
 "(1) Under Michigan law, did the defendants' actions constitute an abandonment of their easement?
 
 
 8
 (2) Under Michigan law, did the defendants' easement terminate because the purposes for which it was granted became impossible?"
 
 
 9
 A copy of the district court's opinion was incorporated in the certification.
 
 
 10
 By order entered on November 1, 1995, the Michigan Supreme Court declined to answer the certified questions. Subsequent to our receipt of that order we have given further consideration to the briefs, the record, and the submissions made to us in oral argument. Having done so, we conclude that the district court did not err in its decision to grant the relief sought by the plaintiffs. In reaching this conclusion we are not unmindful of the fact that the Michigan Supreme Court was presented with a copy of the district court's opinion and could have accepted certification had it disagreed with the conclusions stated therein.
 
 
 11
 Against this background, and largely for the reasons given by Judge BELL in his opinion, we AFFIRM the district court's order.