ROBERTS v GOLDEN

Docket No. 65699. Submitted November 3, 1983, at Detroit.—Decided January 5, 1984.

Lonnie B. Roberts brought an action for alleged medical malpractice against Harvey Golden, D.O. The complaint was filed in 1980, and related to alleged failure to diagnose and treat the plaintiff's medical condition in 1972 and 1973 and the alleged wrongful withholding of medical records in 1978. The Wayne Circuit Court, Roman S. Gribbs, J., granted the defendant accelerated judgment on the malpractice claim, based on the statute of limitations, and summary judgment on the count alleging withholding of records. The court also awarded costs of discovery to defendant. Plaintiff appealed. *Held:*

1. The applicable period of limitation is that which was in effect at the time of the alleged malpractice. At that time the plaintiff had two years from the time the defendant last treated him or the time the plaintiff discovered, or should have discovered, the alleged malpractice. Plaintiff's action clearly was not timely.

2. The alleged withholding of medical records did not occur until after the period of limitation for the malpractice action had expired, and thus had no impact on plaintiff's timely discovery of the cause of action. Summary judgment on that count was proper.

3. Plaintiff's argument concerning costs of discovery is not properly before the Court of Appeals. Furthermore, the trial court's award of those costs was not an abuse of discretion under the circumstances.

Affirmed.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 51 Am Jur 2d, Limitation of Actions § 37 *et seq.*

[2] 51 Am Jur 2d, Limitation of Actions §§ 135, 136.

[3] 61 Am Jur 2d, Physicians, Surgeons, and Other Healers §§ 318, 321.

When statute of limitations commences to run against malpractice action against physician, surgeon, dentist, or similar practitioner. 80 ALR2d 368.

[4] 4 Am Jur 2d, Appeal and Error §§ 47, 309.

5 Am Jur 2d, Appeal and Error § 856.

J. P. Swallow, J., concurred in result only.

1. Limitation of Actions — Cause of Action.

   The statute of limitation which applies to an action is that which is in effect at the time the cause of action arises.

2. Limitation of Actions — Negligence — Cause of Action.

   A cause of action for negligence arises, for purposes of determining the applicable statute of limitation, when the alleged negligent act occurs.

3. Negligence — Medical Malpractice — Limitation of Actions.

   An action based on acts of medical malpractice which occurred in 1972 and 1973 is governed by the discovery rule which was in effect at that time, which required that such an action must be brought within two years of the time the physician discontinued treating the plaintiff or within two years of the time the plaintiff discovered, or should have discovered, the asserted malpractice.

4. Appeal — Interlocutory Appeal — Court Rules.

   Appeal to the Court of Appeals from any interlocutory order is to be by leave granted (GCR 1963, 806.2[2]).

*Robert R. Elsey,* for plaintiff.

*Kitch, Suhrheinrich, Smith, Saurbier & Drutchas, P.C.* (by *Paul L. Kaliszewski),* and *Sullivan, Ward & Bone* (by *Richard A. Bone),* for defendant.

Before: Bronson, P.J., and Shepherd and J. P. Swallow,* JJ.

Per Curiam. Plaintiff in this malpractice action appeals as of right from the trial court's orders (1) granting accelerated judgment on the basis of the statute of limitations, (2) granting summary judgment as to one count which had alleged wrongful withholding of certain medical records, and (3) awarding discovery costs to defendant. We find no error and affirm.

First, the trial court properly granted acceler-

* Circuit judge, sitting on the Court of Appeals by assignment.

ated judgment based upon the statute of limitations, GCR 1963, 116.1(5). The applicable statute of limitations is that which is in effect at the time the cause of action arises, *Winfrey v Farhat,* 382 Mich 380, 389-390; 170 NW2d 34 (1969); *Zatolokin v Grimm,* 99 Mich App 257, 262; 297 NW2d 900 (1980), *lv den* 410 Mich 916 (1981). A cause of action arises, for purposes of determining the applicable statute of limitations, when the alleged negligent act occurs, *Winfrey, supra.* In the present case, the alleged acts of malpractice took place during 1972 and 1973. Thus, the cause of action accrued at that time. Under the rule announced in *Winfrey,* the two-year discovery rule of *Dyke v Richard,* 390 Mich 739; 213 NW2d 185 (1973), governs this case.[1] The trial court found that plaintiff was aware of his possible cause of action by 1975, the deadline under the rule announced in *Dyke, supra.* Nonetheless, plaintiff did not file his action until 1980, some seven years after the alleged malpractice took place and at least five years after the deadline set under *Dyke, supra.*

Plaintiff urges that the question of his having discovered the cause of action is one for a jury, not properly disposed of by means of a motion for accelerated judgment. We disagree with plaintiff's position that this is a factual issue that would remove the case from GCR 1963, 116. The pleadings and exhibits offered by the parties are sufficient to show that no reasonable mind could differ as to the conclusion that plaintiff either was aware of his cause of action by 1975 or should have been

---

[1] In *Dyke, supra,* the Supreme Court held:

"[A]n action based on malpractice by a state licensed person must be brought within two years of the time when such person discontinues treating or otherwise serving the plaintiff, or within two years of the time when the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the asserted malpractice, whichever is later." 390 Mich 739, 747.

aware of the cause of action in the exercise of reasonable diligence. *Dyke, supra.*

Plaintiff stated in his complaint, and repeated in his objections to accelerated judgment, that the treatment dates in question were in 1972 and 1973; he also admitted that these were the treatment dates during the course of various hearings on the motions for acclerated judgment. Plaintiff's attorney acknowledged that the pleadings were sufficient to establish a date of treatment. Thus, there is no dispute concerning the dates of treatment. Similarly, plaintiff signed an exhibit at a workers' compensation hearing in June, 1974, identifying the stroke and the 1972-1973 course of treatment of that condition which forms the basis of this action. Workers' compensation transcripts also establish that plaintiff had another stroke episode in Texas in 1975, indicating that the condition for which plaintiff had sought treatment in 1972-1973 remained undiagnosed, or at least untreated, in 1975. Viewing the foregoing admitted facts in the light most favorable to plaintiff, there can be no dispute that the alleged malpractice took place during 1973 and that plaintiff had reason to know of the ongoing condition and hence the alleged malpractice by 1975 at the latest. Applying the rule of *Dyke, supra,* to these facts, the action was untimely, because it was brought more than five years after plaintiff had reason to know of the existence of the alleged malpractice.

The present case is distinguishable from *Cates v Frederick W Bald Estate,* 54 Mich App 717; 221 NW2d 474 (1974), and *Kelleher v Mills,* 70 Mich App 360; 245 NW2d 749 (1976), relied on so heavily by defendant. In those cases, the plaintiffs showed real attempts to conceal the malpractice by the defendant doctors. No comparable showing

has been made here. See discussion, *infra.* The present case is also distinguishable in that the malpractice claim arises from a failure to properly diagnose rather than a failure to properly treat the condition in question. Plaintiff acknowledged in 1974 and again in 1975 that he had suffered from the stroke condition which forms the basis of this action. It is apparent that he was aware of the proper diagnosis by that time. We conclude that the trial court acted properly in finding plaintiff's action untimely under *Dyke, supra,* and in granting accelerated judgment.

Plaintiff next claims error in the trial court's order granting summary judgment as to Count II of the complaint, alleging improper withholding of certain medical records from plaintiff. According to plaintiff, the defendant's refusal to disclose the records in question had the effect of concealing the cause of action and preventing plaintiff from timely discovering the cause of action. We find no merit in this argument. The alleged concealment could not have taken place until 1978, when plaintiff first requested the records in question. By that time, the action would clearly have been untimely anyway, under the rule announced in *Dyke, supra.* It is apparent that any concealment which might have taken place had no impact upon plaintiff's timely discovery of this cause of action, and his Count II alleging such concealment was properly dismissed for failure to state a cause of action, GCR 1963, 117.2(1).[2]

---

[2] Even if the alleged concealment took place during 1973 or 1974, when it might have had some impact upon plaintiff's timely discovery of this action, Count II still would have been properly dismissed for failure to state a cause of action. This follows because that count alleged only a "refus[al] to supply [medical] records that would be used by plaintiff or his attorney in evaluating any tor[t] claim". The count alleged not concealment of a cause of action, but instead a refusal to supply records which might have supported an action of

Finally, plaintiff challenges the trial court's interlocutory order imposing costs of $264 in connection with a certain discovery deposition. Plaintiff had objected to a line of questioning at the deposition, and the court subsequently deemed the objections "frivolous", imposing the costs as a sanction. We find no occasion to review this issue. GCR 1963, 806.2(2) requires a party to obtain leave to appeal any interlocutory order. When the court imposed costs, plaintiff could have filed an application for leave to appeal the order imposing those costs and had the trial court certify that order. GCR 1963, 806.3(1)(a)(ii). Even if we had occasion to review this issue, we would find plaintiff's argument to be without merit. The record reveals that plaintiff's attorney unjustifiably disrupted the deposition when he repeatedly objected. The proper procedure would have been to seek a protective order from the trial court, GCR 1963, 306.4. The trial court did not abuse its discretion by imposing costs under these circumstances.

Based on the foregoing, we conclude that the court acted properly in granting accelerated judgment as to the malpractice count and summary judgment as to the separate count alleging improper concealment of medical records. There was no reversible error in the court's decision to impose costs in connection with the disputed discovery deposition. The trial court's orders must be affirmed in all respects.

Affirmed.

J. P. SWALLOW, J., concurs in result only.

which plaintiff was already aware. There has been no showing that defendant used any artifice intended to mislead or hinder discovery of information which would disclose a cause of action, *Tonegatto v Budak,* 112 Mich App 575; 316 NW2d 262 (1982).