HOMESTEAD DEVELOPMENT COMPANY v HOLLY TOWNSHIP

Docket No. 111221. Submitted November 15, 1988, at Detroit. Decided January 30, 1989. Leave to appeal applied for.

Plaintiffs, Homestead Development Company, a general partnership, and Gerald P. Miner, Edward Scott and Ralph D. Klinck, general partners, brought an action in the Oakland Circuit Court against defendant, Holly Township, seeking to resolve a zoning dispute regarding property owned by the plaintiffs located in the township. The trial court, Norman L. Lippitt, J., determined that defendant violated the spirit of certain orders of the trial court and various sections of the Township Rural Zoning Act and, after determining that defendant's rezoning of plaintiffs' property was invalid, awarded plaintiffs sanctions and costs including attorney fees. A default was entered after defendant failed to pay such sanctions as ordered. Defendant appealed.

The Court of Appeals *held*:

1. The trial court properly adjourned defendant's motion for partial summary disposition. Defendant's attempt to appeal from that order was untimely.

2. The trial court did not abuse its discretion in ordering defendant to pay plaintiffs' attorney fees. The award of such fees was warranted and reasonable as a result of defendant's contemptuous conduct.

3. The entry of a default upon defendant's nonpayment of the sanctions was not an abuse of discretion.

4. Additional issues raised by defendant were not properly preserved for appeal.

Affirmed.

1. MOTIONS AND ORDERS — SUMMARY DISPOSITION — POSTPONEMENTS.

A trial court may postpone until trial the hearing and decision on a matter involving disputed issues of fact brought before it

REFERENCES

Am Jur 2d, Appeal and Error § 115; Contempt §§ 34, 104, 105, 114; Judges §§ 86 *et seq.*, 198, 199; Summary Judgment §§ 1 *et seq.*

See the Index to Annotations under Appeal and Error; Contempt; Judges.

under the court rule regarding summary dispositions (MCR 2.116[I][4]).

2. CONTEMPT — TRIAL COURTS.

A trial court has inherent authority to punish persons for contemptuous disobedience to the court such as a willful disregard or disobedience of the authority or orders of the court.

3. CONTEMPT — MOTIONS AND ORDERS — INDEMNITY.

A court may order a party to pay a sum to indemnify another party who has sustained a loss as a result of the first party's contempt; the loss may include attorney fees that occurred as a result of the first party's contemptuous conduct; the burden of proving the fees rests on the party claiming them (MCL 600.1721; MSA 27A.1721).

4. CONTEMPT — PROCESS.

A court, as part of its inherent right to enforce obedience to its orders, has the right to deny its processes to one who stands in contempt of its orders.

5. APPEAL — DEFAULT — PRESERVING QUESTION.

A prerequisite to appellate consideration of the issue whether the trial court properly entered a default is a ruling by the trial court on a motion to set aside the default brought by the party contesting the default.

6. MOTIONS AND ORDERS — DISQUALIFICATION OF JUDGE.

A party may not seek in the Court of Appeals to disqualify the trial judge from hearing further proceedings in the matter without first having the trial judge rule on the party's motion to disqualify the trial judge (MCR 2.003[C][3]).

*Dykema Gossett* (by *Stephen D. Winter, Kathleen McCree Lewis,* and *Alan M. Greene*), for plaintiffs.

*Parvin C. Lee, Jr.,* and *Gary W. Parker & Associates* (by *Gary W. Parker*), of Counsel.

Before: HOLBROOK, JR., P.J., and MICHAEL J. KELLY and T. M. BURNS,* JJ.

PER CURIAM. Defendant, Township of Holly, ap-

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

peals by leave granted from two orders entered on August 26, 1988, in this zoning case. We affirm.

Plaintiff Homestead Development Company is a general partnership which owns approximately 198 acres of undeveloped land located in Holly Township. The individual plaintiffs are all general partners in the plaintiff partnership. In December, 1978, the Holly Township Board of Trustees adopted a master plan and zoning ordinance no. 40. Under ordinance no. 40, a portion of plaintiffs' property was zoned R (residential), while the remainder was zoned AG/RE (agricultural preservation and rural estate).

In 1979, desirous of constructing a mobile home community on the property, plaintiffs sought a rezoning of a portion of the property from AG/RE to R and another portion to RM (residential multiple). The board denied these rezoning requests.

In November, 1984, plaintiffs submitted a plan to split the property. While the plan complied with ordinance no. 40, the board disapproved the plan on the ground that it did not comply with a newly adopted ordinance, ordinance no. 50.

Plaintiffs thereafter filed a suit in Oakland Circuit Court challenging the constitutionality of ordinance no. 50 and seeking a writ of mandamus to compel defendants to approve the lot splits. The court issued the requested writ. Plaintiffs then submitted a preliminary plan for building a mobile home community on the property. The board denied preliminary approval of the plan on the grounds that the property was not properly zoned for a mobile home community and that a request for rezoning must first be submitted to the township planning commission.

Rather than submitting its plan to the commission, plaintiffs returned to court and sought and obtained an order declaring ordinance no. 50 in-

valid due to procedural defects in its adoption. The trial court further ruled that ordinance no. 40 was still in effect. In August, 1986, defendant properly adopted another zoning ordinance, also known as ordinance no. 50.

On May 5, 1987, plaintiffs amended their complaint to request damages for defendant's refusal to allow construction of the proposed mobile home community. A final pretrial order was entered on November 2, 1987, which incorporated the parties' stipulation "that ordinance 40 shall be deemed the zoning ordinance applicable to the plaintiffs' property from January 27, 1979, until August 21, 1986, and that, from that date forward, ordinance 50, as adopted on that date, shall be deemed the zoning ordinance applicable to plaintiffs' property."

On January 12, 1988, defendant moved for partial summary disposition, arguing that plaintiffs were not entitled to damages where they had not received a final decision regarding the applicability of any zoning ordinance to plaintiffs' proposed use of the property. Plaintiffs countered with their own motion for partial summary disposition.

Following an in-chambers conference held on March 22, 1988, the circuit court issued an order on April 11, 1988, directing plaintiffs to submit to defendant an application to rezone the property. The court also ordered defendant to expedite its consideration of the application. The court reserved ruling on both motions for partial summary disposition.

Plaintiffs filed a petition for a change of zoning, requesting that the property be rezoned to RM to allow the construction of a mobile home community. The commission held a public hearing on May 9, 1988, and voted to recommend that the board deny the request to rezone the property. The commission scheduled a public hearing for June

13, 1988, to consider the township planning consultant's recommendation that the property be rezoned to R.

On June 9, 1988, the board met to consider the commission's recommendation. Instead of acting on that recommendation, the board voted to rezone all but fourteen acres of plaintiffs' property to R.

On June 24, 1988, plaintiffs filed a motion for declaratory relief, sanctions, and damages for defendant's alleged contempt of court. Plaintiffs asserted that the board's action of June 9, 1988, violated the court's final pretrial order of November 2, 1987, the court's order dated April 11, 1988, and the Township Rural Zoning Act, MCL 125.271 *et seq.;* MSA 5.2963(1) *et seq.*

The court held a hearing on July 13, 1988. At the conclusion of the hearing, the court found that defendant had violated the spirit of the court's April 11, 1988, order, the court's final pretrial order, and various sections of the Township Rural Zoning Act. The court concluded that the rezoning of the property to R was invalid and that the case would proceed pursuant to the final pretrial order of November 2, 1987, which would not be amended. Finally, the court awarded plaintiffs sanctions and costs.

The first issue raised by defendant requires little discussion. Defendant asserts that the trial court erred in failing to consider and grant its motion for partial summary disposition on or before March 22, 1988. The trial court at no time ruled on defendant's motion, but rather adjourned the hearing on the motion. Such action was authorized by MCR 2.116(I)(4). Moreover, defendant at no time prior to appeal objected to the procedure followed by the trial court. Defendant's attempt to appeal from the April 11, 1988, order adjourning the motion is untimely and this Court is without

jurisdiction to consider the matter. MCR 7.205(A); *Roberts v Golden,* 131 Mich App 615, 620; 345 NW2d 924 (1984).

Defendant's assertion that the trial court erroneously excluded from evidence an amendment to ordinance no. 50 is likewise premature and an issue not properly before this Court. The amendment, published on March 17, 1988, was designed to correct a technical error in width to depth ratios. Following the hearing held on July 13, 1988, plaintiffs submitted a proposed order stating that the trial court would not consider any amendments to ordinance no. 50 as adopted in August, 1986. In response to defendant's objection that the proposed order would erroneously exclude evidence of the amendment to ordinance no. 50, the trial court stated that it would sign an order providing that no amendments to ordinance no. 50 which violated the final pretrial order (of November 2, 1987) would be considered in connection with the litigation. The written order, dated August 26, 1988, comported with the court's oral pronouncement. Whether the specific March 17, 1988, amendment to ordinance no. 50 could or would be considered by the trial court was not decided. Thus, no decision was made subject to appellate review.

Defendant next challenges the trial court's order that defendant pay plaintiffs' attorney fees in the sum of $15,971.50. The trial court imposed sanctions on defendant on account of defendant's violations of the trial court's prior orders and the Township Rural Zoning Act. Specifically, the court found that defendant, in rezoning the property to R, violated the spirit of its April 11, 1988, order remanding the matter to the commission for a hearing on the request to rezone the property to RM and the final pretrial order containing the

parties' stipulation that ordinance no. 40 governed the property until August 21, 1986. The trial court further found that the rezoning violated MCL 125.277; MSA 5.2963(7) (which requires that a recommendation from a planning commission be received prior to a board making a decision on a zoning change request), MCL 125.284; MSA 5.2963(14) (which requires notice of a hearing before a planning commission to consider a proposed rezoning), and MCL 125.281; MSA 5.2963(11) (which requires referral of a proposed departure from a planning commission's recommendation back to the planning commission).

The trial court has inherent authority to punish persons for contemptuous disobedience to the court, i.e., a willful disregard or disobedience of the authority or orders of the court. *People v Matish,* 384 Mich 568, 571-572; 184 NW2d 915 (1971). Instead of rendering a final decision on plaintiffs' application to rezone the property to RM and clarifying the record prior to trial, defendant changed the zoning ordinance applicable to the property. The record of the proceedings before the commission and board reveals that defendant was well aware that it was proceeding to rezone the property in violation of the statutory requirements. The trial court did not abuse its discretion in sanctioning defendant. *In re contempt of Peisner,* 78 Mich App 642, 643; 261 NW2d 30 (1977).

Defendant also argues that the attorney fees awarded to plaintiffs were unreasonable and included fees for work unrelated to the rezoning of plaintiffs' property.

MCL 600.1721; MSA 27A.1721 authorizes a court to order payment of a sum to indemnify a party that has sustained a loss as a result of the other party's contempt. *In re Contempt of Dougherty,* 429 Mich 81, 97-98; 413 NW2d 392 (1987). The loss

may include attorney fees that occurred as a result of the other party's contemptuous conduct. *Plumbers & Pipefitters Local Union No 190 v Wolff,* 141 Mich App 815, 818; 369 NW2d 237 (1985). The burden of proving fees rests on the party claiming them. *Petterman v Haverhill Farms, Inc,* 125 Mich App 30, 33; 335 NW2d 710 (1983).

Plaintiffs submitted a detailed bill and supporting documentation to verify the legal services rendered and to demonstrate the reasonableness of the fees charged. In addition to a thorough review of the billings and the material submitted by both parties, the trial court fully considered defendant's objections to the fees requested and, in response, deducted $2,170 from the fees requested by plaintiffs. We find no abuse of discretion in the trial court's determination that an award in the sum of $15,971.50 was warranted and reasonable.

The trial court's August 26, 1988, order imposing sanctions provided that defendant was to pay the sum of $15,971.50 on or before that date and that, if it failed to do so, a default would be entered by the court clerk. Defendant did not pay and, accordingly, on August 29, 1988, the clerk entered a default. Defendant argues that the trial court abused its discretion in ordering that a default could enter upon nonpayment by August 26, 1988.

While at first blush the trial court's order requiring payment of $15,971.50 by the date of issuance of the order on penalty of default appears to be an abuse of discretion, a review of the undisputed factual background to the order reveals that no abuse of discretion occurred. As of July 13, 1988, defendant was aware that it would be required to pay sanctions, including attorney fees. The exact amount of the payment on penalty of default was ordered by the trial court at the

conclusion of the hearing held on August 10, 1988. At defendant's request, plaintiffs' counsel agreed to extend the time of payment from August 22 (the Monday following ten days after August 10, 1988) to August 26. The revised order providing for payment by August 26 or a default was approved by defendant's counsel.

As part of its inherent right to enforce obedience to its orders, a court has the right to deny its processes to one who stands in contempt of its orders. 17 CJS, Contempt, § 97, p 274. While our research fails to disclose a Michigan case considering the issue, other jurisdictions have upheld the court's denial of a party's right to proceed while in contempt of court. See *Ganem v Ganem de Issa,* 269 So 2d 740 (Fla App, 1972), cert den 277 So 2d 284 (Fla, 1973), cert den 414 US 1113; 94 S Ct 844; 38 L Ed 2d 740 (1973) (entry of summary judgment did not deny defendant due process where defendant was fully advised of the likelihood that his pleadings would be stricken and final judgment entered against him, yet failed to purge himself of various violations of court orders and made no other attempts to delay entry of orders of summary judgment). Here, the order fully apprising the defendant that it would be subject to default upon nonpayment of the sanctions was within the trial court's authority and not an abuse of discretion.

In its supplemental brief, defendant raises two additional issues which are not properly asserted for the first time before a reviewing court. Defendant requests that this Court set aside the default entered for its failure to pay the sanctions assessed against it. The trial court, however, has not ruled on any motion brought by defendant to set aside the default, a prerequisite to appellate consideration of the issue. *Joe Dwyer, Inc v Jaguar Cars,*

*Inc,* 167 Mich App 672, 685; 423 NW2d 311 (1988). Defendant also requests that we order the presiding circuit court judge disqualified from hearing further proceedings in this matter. A motion to disqualify a judge must first be decided by the challenged judge. MCR 2.003(C)(3). Defendant, having failed to follow the court rules applicable to disqualification, may not seek disqualification for the first time on appeal. *People v Mixon,* 170 Mich App 508, 514; 429 NW2d 197 (1988).

Affirmed.