CIPRI v BELLINGHAM FROZEN FOODS, INC

Docket No. 174811. Submitted July 12, 1995, at Grand Rapids. De-
cided August 22, 1995, at 9:20 A.M.

Richard J. Cipri brought an action in the Van Buren Circuit
Court against Bellingham Frozen Foods, Inc., Bernard C. Sher-
burn, Jr., and others, seeking damages for injuries suffered as a
result of leachate from fermenting sweet corn husks flowing
into his private lake and killing all of the lake's aquatic life.
Among the theories of recovery pleaded by the plaintiff was the
violation of the provisions of the Environmental Response Act
(ERA), MCL 299.601 et seq.; MSA 13.32(1) et seq. Defendant
Bellingham moved for partial summary disposition, seeking,
inter alia, dismissal of the count based on the ERA, arguing that
it was not liable under the ERA because, although it had sold
the husks to Sherburn as silage, it did not cause the husks to
become injurious to the public health. The court, William C.
Buhl, J., granted summary disposition for defendant Belling-
ham, finding that the corn husks were not a hazardous sub-
stance within the meaning of § 603(p)(i) of the ERA, MCL
299.603(p)(i); MSA 13.32(3)(p)(i). The plaintiff filed a motion for
reconsideration. The trial court considered the motion, but
refused to change the prior decision. The plaintiff appealed by
leave granted.

The Court of Appeals held:

1. The amended definition of a hazardous substance contin-
ued in 1995 PA 71 should not be given retroactive effect.
Accordingly, the question raised in this appeal is whether the
trial court properly determined that the sweet corn husks were
not a hazardous substance within the meaning of § 603(p)(i) of
the ERA, which provided that a hazardous substance included a
"chemical or other material which is or may become injurious
to the public health, safety, or welfare or to the environment."

2. Although the plaintiff failed to file his motion for reconsid-
eration in a timely manner, and thus could not appeal as of

REFERENCES

Am Jur 2d, Appellate Review § 291; Pollution Control § 247.
See ALR Index under Appeal and Error; Hazardous Substances and
Waste.

right, that failure to file a timely motion does not preclude the Court of Appeals from exercising jurisdiction. The Court of Appeals possesses broad jurisdiction to consider any judgment of a lower court pursuant to a grant of leave to appeal, even where the time requirements have not been met. Because leave to appeal was granted, the question raised in the trial court is properly before the Court of Appeals.

3. Corn husks are a hazardous substance within the scope of the broad definition contained in § 603(p)(i) of the ERA. Clearly, corn husks fall within the meaning of "other material," and, in view of the plaintiff's allegation that the decomposition of the corn husks resulted in the killing of all of the aquatic life in the lake, corn husks clearly "may become" hazardous to the environment or the public health. Although the definition is extremely broad and could cause a party to incur liability even where nothing was done to cause a harmless product to become hazardous, it must be presumed that the Legislature intended the meaning that it plainly expressed. Accordingly, the trial court erred in granting summary disposition for defendant Bellingham with respect to the claim under the ERA.

Reversed.

1. ENVIRONMENT — HAZARDOUS SUBSTANCES — ENVIRONMENTAL RESPONSE ACT — RETROACTIVE EFFECT.

A hazardous substance for the purpose of an action brought under the provisions of the Environmental Response Act is subject to the definition of a hazardous substance contained in that act rather than the amended definition contained in the Natural Resources and Environmental Protection Act (MCL 299.603[p][i]; MSA 13.32[3][p][i]; 1995 PA 71, MCL 324.20101[q][i]; MSA 13A.20101[q][i]).

2. APPEAL — COURT OF APPEALS — JURISDICTION — LEAVE TO APPEAL.

The failure to file a timely motion does not leave the Court of Appeals without jurisdiction to consider a matter; the Court of Appeals possesses broad jurisdiction to consider any judgment of a lower court pursuant to a grant of leave to appeal, even where the time requirements have not been met (MCR 7.205).

*Gemrich, Moser, Bowser & Lohrmann* (by *Susan M. Fall*), for the plaintiff.

*Howard & Howard* (by *Gary A. Peters, Steven C. Kohl,* and *Carolyn M. Claerhout*), for Bellingham Frozen Foods, Inc.

Before: DOCTOROFF, C.J., and NEFF and CONNOR, JJ.

DOCTOROFF, C.J. The trial court granted defendants' motion for partial summary disposition pursuant to MCR 2.116(C)(8), dismissing plaintiff's claim under the Environmental Response Act (ERA), MCL 299.601 *et seq.*; MSA 13.32(1) *et seq.* We granted leave to appeal. We now reverse.

I

Plaintiff owns a twenty-five-acre private lake called Baker Lake. This lake is on plaintiff's property and is fed by a spring and several small streams. Defendant Bellingham Frozen Foods (hereinafter defendant) processes vegetable products, including sweet corn. Defendant contracted with defendant Sherburn to remove some sweet corn husks to be used as silage for cattle feed. Defendant Sherburn's feed bunker was located near a natural spring that drained into streams flowing to Baker Lake. Plaintiff alleged that defendant Sherburn received 22,250 tons of sweet corn husks from defendant during 1990 and 1991, which was too large an amount to fit in defendant Sherburn's feed bunker. Plaintiff further alleged that these fermenting sweet corn husks produced 1.335 million gallons of leachate,[1] which flowed into Baker Lake and killed all of the lake's aquatic life.

Plaintiff filed a seven-count complaint. The first count alleged violations of the ERA, the Solid Waste Management Act, MCL 299.401 *et seq.*; MSA 13.29(1) *et seq.*, the water resources commis-

---

[1] Leachate is "the liquid that has percolated through soil or other medium." *Webster's Third International Dictionary, Unabridged Edition* (1965).

sion act, MCL 323.1 *et seq.*; MSA 3.521 *et seq.,* and the liquid industrial waste disposal act, MCL 323.271 *et seq.*; MSA 3.533(101) *et seq.* The remaining six counts alleged violation of the Environmental Protection Act, MCL 691.1201 *et seq.*; MSA 14.528(201) *et seq.,* trespass, negligence, and nuisance.

Defendant filed a motion for partial summary disposition pursuant to MCR 2.116(C)(8). Defendant argued that the trial court should dismiss plaintiff's first count. Defendant claimed that it was not liable under the ERA because it only processed the sweet corn husks but did not cause them to become injurious to the public health. Defendant also argued that plaintiff possessed no private right of action under the Solid Waste Management Act, the water resources commission act, or the liquid industrial waste disposal act.

The trial court granted defendant's motion for partial summary disposition. Furthermore, the trial court stated that plaintiff could not bring an action for personal injuries based on a violation of the Solid Waste Management Act, the water resources commission act, or the liquid industrial waste disposal act. Plaintiff appeals the trial court's grant of summary disposition only on the ERA claim.

II

First, we must determine whether to apply retroactively the definition of hazardous substance contained in the recently amended version of the ERA or to apply the definition found in the statute on the date plaintiff filed suit. The ERA was initially enacted in 1982. A hazardous substance was defined in subsection p of § 3, MCL 299.603(p); MSA 13.32(3)(p), as one or more of the following:

(i) A chemical or other material which is or may become injurious to the public health, safety, or welfare or to the environment.

(ii) "Hazardous substance" as defined in the comprehensive environmental response, compensation, and liability act of 1980, Public Law 95-510, 94 Stat 2767.

(iii) "Hazardous waste" as defined in the comprehensive waste management act, Act No. 64 of the Public Acts of 1979, being sections 299.501 to 299.551 of the Michigan Compiled Laws.

(iv) "Petroleum" as described in section 4(5)(b) of the leaking underground storage tank act, Act No. 478 of the Public Acts of 1988, being section 299.834 of the Michigan Compiled Laws.

In 1995, the Legislature amended the ERA and recodified it within the Natural Resources and Environmental Protection Act (NREPA), 1994 PA 451, MCL 324.101 *et seq.*; MSA 13A.101 *et seq.* The Legislature then amended the definition of hazardous substance contained in the NREPA, effective June 2, 1995. The amendment retained the basic definitions in subsections ii, iii, and iv. However, the definition of a hazardous substance in subsection i was changed:

Any substance that the department demonstrated, on a case by case basis, poses an unacceptable risk to the public health, safety, or welfare, or the environment, considering the fate of the material, dose-response, toxicity, or adverse impact on natural resources. [MCL 324.20101(q)(i); MSA 13A.20101(q)(i).]

Plaintiff maintains that, because he filed suit before the enactment of the amendments of the ERA, we should apply the original statute. Defendant argues that, because this amendment was a mere clarification of the earlier statute, it should

have retroactive effect. Generally, statutes are applied prospectively unless the Legislature has expressly or impliedly indicated its intent to give retroactive effect or unless the statutes are remedial or procedural in nature. *Boyne City v Crain,* 179 Mich App 738, 745; 446 NW2d 348 (1989).[2] To determine whether the amendment of the definition of hazardous substance involved more than a procedural change, we must consider the language of both the earlier definition and the current amendment.

The original statute defined hazardous substance as a chemical or any other material that is or may become injurious to the environment. MCL 299.603(p)(i); MSA 13.32(3)(p)(i). The use of "other material" and "may become" indicate that the Legislature intended "hazardous substance" to apply to a broad variety of substances. Our Court has quoted with approval the statement in *B R Mackay & Sons, Inc v United States,* 633 F Supp 1290, 1294 (D Utah, 1986) concerning the federal Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), 42 USC 9601 *et seq.:* " 'It appears that with the dangers or potential dangers caused by hazardous substances, shooting first and asking questions later was the intent of Congress.' " *Flanders Industries v Michigan,* 203 Mich App 15, 22; 512 NW2d 328 (1993).

The amended definition of "hazardous substance" contains no reference to "other materials." Instead, the new statute limits the definition to substances that the Department of Natural Resources demonstrated, case by case, posed an unacceptable risk to the environment. 1995 PA 71,

---

[2] We note that certain members of our Supreme Court have disavowed the procedural/substantive distinction for determining retroactivity of a worker's compensation statute. *Sokolek v General Motors Corp,* 450 Mich 133; 538 NW2d 369 (1995).

§ 20101(1)(q)(i). The amended statute allows only the DNR to classify a substance as hazardous. Furthermore, a substance only can be declared hazardous case by case, so that a substance that is hazardous in one case may not be considered hazardous in the next case. Because the amended statute deleted the broad references to "other materials" and included the requirement that the DNR determine which substances were hazardous, we find that the amended statute substantively changes the definition of hazardous substance. Therefore, the amended statute has no retroactive effect. *Boyne City, supra* at 745.

III

Next, defendant maintains that this Court has no subject-matter jurisdiction to consider whether the sweet corn husks constitute "other material" within subsection p(i) of the original ERA. We disagree.

After the trial court granted defendant's motion for summary disposition, plaintiff filed a motion for reconsideration because the trial court never considered whether the sweet corn husks constituted a hazardous substance as defined by subsection p(iii) of the definitional section of the ERA. The trial court reconsidered this issue but refused to address whether the "other materials" language in subsection p(i) applied because the question was outside the scope of plaintiff's request for rehearing. While plaintiff filed this appeal within twenty-one days of the trial court's rehearing decision, the appeal was not timely with regard to the grant of partial summary disposition. MCR 7.205(A). Therefore, defendant argues that this Court has no jurisdiction to consider whether the definition of hazardous substance in subsection p(i) applies to the sweet corn husks in this case.

Defendant misunderstands the nature of subject-matter jurisdiction. Subject-matter jurisdiction is the right of the court to exercise judicial power over a class of cases. A court has subject-matter jurisdiction to hear a case if the law has given the court the power to grant the rights requested by the parties. *Altman v Nelson,* 197 Mich App 467, 472; 495 NW2d 826 (1992).

MCR 7.203 establishes the jurisdiction of this Court. Our jurisdiction to hear an appeal of right is limited. We may address only a final judgment as an appeal of right. MCR 7.203(A). Furthermore, we may only consider an appeal of right if the appeal if filed within certain time limits. MCR 7.204(A). We also possess broad jurisdiction to consider almost any judgment by a lower court if we grant leave to appeal. MCR 7.203(B). Although filing requirements also exist for an application for leave to appeal, we have jurisdiction to consider any application for leave to appeal authorized by MCR 7.203(B). For example, even if a party fails to meet the time limits required by MCR 7.205(A), we may still hear the case. MCR 7.205(F).

Defendant cites *Homestead Development Co v Holly Twp,* 178 Mich App 239, 243-244; 443 NW2d 385 (1989), for the proposition that, pursuant to MCR 7.205(A), an untimely motion leaves this Court without jurisdiction. We find that the *Homestead* panel inappropriately used the word "jurisdiction." As authority for its statement that an untimely motion deprived this Court of jurisdiction to consider a case before it on leave granted, the *Homestead* panel cited MCR 7.205(A) and *Roberts v Golden,* 131 Mich App 615; 345 NW2d 924 (1984). Unlike MCR 7.204, which states that the time requirements for filing an appeal of right are jurisdictional, MCR 7.205 never mentions jurisdictional requirements for hearing an appeal on leave

granted. In *Roberts,* this Court decided not to review an issue because the plaintiff failed to file an appropriate interlocutory appeal. The *Roberts* panel never stated that it lacked jurisdiction to consider the issue. *Id.* at 620. Therefore, the use of the word "jurisdiction" by the *Homestead* panel was inappropriate.

Our consideration of defendant's jurisdictional argument does not mean that an appellant requesting appeal by leave may ignore all of the time requirements for filing an application for leave to appeal. We hold only that this Court possesses jurisdiction to consider cases on leave granted even when the time requirements are not met. However, this Court may refuse to grant leave to appeal on the basis of a party's failure to file an application for leave to appeal within the appropriate period of time. MCR 7.205.

## IV

Having determined that the definitions in the original statute should apply and that this Court has jurisdiction to consider subsection p(i), we must decide whether the trial court properly granted defendant's motion for partial summary disposition of plaintiff's ERA claim.

The liability provision in the ERA, which remained unchanged despite the recodification of the statute, provides in relevant part:

Notwithstanding any other provision or rule of law and subject only to the defenses set forth in sections 12a and 12b, if there is a release or threatened release from a facility that causes response activity costs to be incurred, the following persons shall be liable under this section:

(a) The owner or operator of the facility.

(b) The owner or operator of the facility at the time of the disposal of a hazardous substance.

(c) The owner or operator of the facility since the time of the disposal of a hazardous substance not included in subdivision (a) or (b).

(d) A person that by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of a hazardous substance owned or possessed by the person, by any other person, at the facility owned or operated by another person and containing the hazardous substance. [MCL 299.612(1); MSA 13.32(12)(1), now MCL 324.20126; MSA 13A.20126].

The trial court granted defendant's motion for summary disposition of the ERA claim for two reasons. First, the trial court stated that sweet corn husks were not a hazardous substance within the meaning of § 603(p)(i) in the original statute. Second, the trial court stated that the corn husks became injurious through misuse by defendant Sherburn, not by an action of defendant. We hold that the trial court's first determination is incorrect and the second one is irrelevant.

This Court reviews de novo a trial court's grant of summary disposition. *Gentry v Allstate Ins Co,* 208 Mich App 109, 112; 527 NW2d 39 (1994). When reviewing a grant of summary disposition pursuant to MCR 2.116(C)(8), we accept all factual allegations in support of the claim as true, as well as any reasonable inferences that can be drawn from them. *Summers v Detroit,* 206 Mich App 46, 51; 520 NW2d 356 (1994).

As we stated in part II, the definition of hazardous substance in subsection p(i) is extremely broad. This definition encompasses any "other material" that "may become" hazardous to the environment or the public health. Sweet corn husks would

qualify as other material and, according to plaintiff's complaint, they did become injurious to the environment by killing all of the aquatic life in Baker Lake.

Defendant argues that we should not read this definition so broadly. Instead, defendant maintains that this definition in the ERA is based on the definition of hazardous substance in the corresponding federal statute, the CERCLA. This Court has held that the ERA is similar in intent to the CERCLA. *Flanders, supra* at 21. The CERCLA defines a hazardous substance as "any element, compound, mixture, solution, or substance designated pursuant to section 9602 of this title." 42 USC 9601(14)(B). Section 9602 of the CERCLA states that an administrator shall promulgate regulations to determine which substances are hazardous. 42 USC 9602(a).

Although the ERA may be patterned after the CERCLA, this case does not involve a claim under the CERCLA. When interpreting the language of a statute, we presume that the Legislature intended the meaning it plainly expressed. *Frasier v Model Coverall Service, Inc,* 182 Mich App 741, 744; 453 NW2d 301 (1990). Unlike the CERCLA, the original ERA contained no requirement that substances could be hazardous only if they were designated as such by a government agency. MCL 299.603(p)(i); MSA 13.32(p)(i). We agree with defendant that this broad definition could encompass a huge variety of substances that are harmless in their natural state. We also agree that this definition could cause any individual or corporation to incur liability even though nothing was done by either to cause a harmless product to become hazardous. However, it is not our role to make policy determinations. Arguments that a statute is unwise or results in bad policy should be addressed to the

Legislature. *People v Kirby,* 440 Mich 485, 493-494; 487 NW2d 404 (1992).

Even if defendant did not cause the sweet corn husks to become hazardous, the grant of summary disposition was still improper pursuant to MCR 2.116(C)(8). Because we hold that sweet corn husks can be a hazardous substance pursuant to subsection p(i) in the original statute, defendant may be liable under MCL 299.612(1)(d); MSA 13.32(12)(1)(d). According to plaintiff's complaint, defendant arranged for disposal or treatment of a hazardous substance owned or possessed by defendant. Because we hold that sweet corn husks are a hazardous substance as defined by subsection p(i) in the original ERA, we find it unnecessary to apply any of the alternate definitions in subsection p.

V

In summary, because the amendment of the definition of a hazardous substance made when the ERA was incorporated into the NREPA substantively changed the law, the amendment does not operate retroactively. Even if plaintiff did not file his application within the appropriate time, this Court has broad jurisdiction to consider an appeal by leave. We hold that the trial court erred in granting partial summary disposition pursuant to MCR 2.116(C)(8) of plaintiff's claim under the ERA.

Reversed.