# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

THELONIOUS JACKSON,

        Plaintiff-Appellee,

v

DANIEL LUBELAN and PLATT R. WEINRICK,

        Defendants-Appellants.

UNPUBLISHED
July 5, 2018

No.  338275
Genesee Circuit Court
LC No.  16-108364-CZ

Before:  SAWYER, P.J., and CAVANAGH and FORT HOOD, JJ.

PER CURIAM.

Defendants appeal by right an order denying their motion for summary disposition premised on governmental immunity in this gross negligence case.  We affirm.

Defendants are Michigan State Police troopers.  On December 22, 2011, defendants were on duty and conducted a traffic stop of plaintiff's vehicle in Flint.  After discovering that plaintiff had three outstanding arrest warrants, plaintiff was placed under arrest.  In the process of arresting plaintiff, he was handcuffed.  This gross negligence lawsuit arises from the handcuffing.  Plaintiff contended that he was handcuffed in an "extremely tight manner" by defendant Lubelan, that Lubelan lifted plaintiff's "handcuffed wrists upwards" when assisting plaintiff into the police squad car, and that he was then forced to sit "at a very awkward angle, with his arms twisted behind him."  Plaintiff alleged that he repeatedly complained about the pain that he was in from the tight handcuffs, but neither defendant checked the handcuffs or loosened them.  As a consequence of defendants' failure to loosen the handcuffs, plaintiff claimed that he suffered injuries to his hands and wrists.[1]

Defendants responded to plaintiff's complaint with a motion for summary disposition under MCR 2.116(C)(7) and (C)(8).  Defendants argued that plaintiff failed to state a claim for

---

[1] Plaintiff had filed a federal civil rights action premised on claims that included excessive force, assault and battery, and gross negligence.  Ultimately, the claims were summarily dismissed but, following an appeal, the gross negligence claim was remanded to the federal district court.  The federal district court declined to exercise supplemental jurisdiction over the state-law claim and dismissed the case without prejudice.  This lawsuit was then filed in the Genesee Circuit Court.

-1-

gross negligence because his claim was premised on intentional conduct or excessive force, i.e., an intentional tort claim, which "cannot be converted into a standalone claim for gross negligence." But even if plaintiff did state a gross negligence claim, defendants argued, it must fail because no conduct was alleged that was so reckless as to demonstrate a substantial lack of concern for whether an injury would result to plaintiff. Thus, defendants argued, plaintiff's complaint must be dismissed.

Plaintiff responded to defendants' motion for summary disposition, arguing that his gross negligence claim was not a transformed intentional tort claim. That is, his claim was not premised on an intentional or offensive touching; rather, it was based on defendants' failure to perform their duties so as not to cause harm. Further, defendants ignored plaintiff's repeated complaints of pain and refused to check or loosen the handcuffs. Defendants' conduct was so reckless as to demonstrate a substantial lack of concern for whether plaintiff would be injured by the tight handcuffs. Thus, defendants were not entitled to governmental immunity.

The trial court denied defendant's motion following oral arguments, relying on this Court's holding in *Oliver v Smith*, 269 Mich App 560; 715 NW2d 314 (2006), that tight handcuffing can give rise to a gross negligence claim. Although defendants argued that plaintiff could not show that he suffered a requisite physical injury to support his gross negligence claim, as in the *Oliver* case, the trial court held that summary disposition would be premature because discovery was not completed. See *id*. at 564-565. The trial court noted that the issue could be revisited if a motion was later brought under MCR 2.116(C)(10). This appeal followed.

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Dressel v Ameribank*, 468 Mich 557, 561; 664 NW2d 151 (2003). When we consider a motion for dismissal based on governmental immunity under MCR 2.116(C)(7), we review any documentary evidence filed, as well as pleadings, to determine whether the claim is barred by immunity. *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). A complaint's allegations are accepted as true unless contradicted by the movant's documentation. *Id*. We also review de novo the applicability of governmental immunity as a question of law. *Herman v Detroit*, 261 Mich App 141, 143; 680 NW2d 71 (2004). A motion for summary disposition brought under MCR 2.116(C)(8) tests the legal sufficiency of a claim on the pleadings alone to determine if the plaintiff has stated a claim on which relief may be granted. *Gillie v Genesee Co Treasurer*, 277 Mich App 333, 344; 745 NW2d 137 (2007).

Defendants first argue that plaintiff failed to state a claim for gross negligence because his claim was premised on intentional conduct or excessive force, i.e., an intentional tort. We disagree.

It is well-established that a claim alleging injury based on an intentional tort cannot be brought as a "gross negligence" claim.[2] However, in *Oliver*, 269 Mich App at 566, this Court

---

[2] See *VanVorous v Burmeister*, 262 Mich App 467, 483; 687 NW2d 132 (2004), overruled on other grounds by *Odom v Wayne Co*, 482 Mich 459, 473 n 33 (2008); *Smith v Stolberg*, 231 Mich App 256, 258-259; 586 NW2d 103 (1998).

recognized that a police officer's conduct of applying handcuffs too tight may constitute gross negligence if the plaintiff was physically injured. In such a case, the plaintiff is not alleging that the police officer specifically intended to injure the plaintiff with the handcuffs; rather, the plaintiff is claiming that injuries arose from grossly negligent conduct related to the use of the handcuffs. See, e.g., *People v Datema*, 448 Mich 585, 604-605; 533 NW2d 272 (1995) (explaining the difference between intentional and grossly negligent acts). Although the use of handcuffs is an intentional act, injuries that result from the use of those handcuffs are alleged to have been accidentally—not intentionally—caused. See, e.g., *Latits v Phillips*, 298 Mich App 109, 119; 826 NW2d 190 (2012). And, in this case, plaintiff alleged that his injuries arose from grossly negligent conduct; he did not allege that defendants intentionally or deliberately acted to injure him through the use of the handcuffs. Therefore, the trial court properly denied defendants' motion for summary disposition under MCR 2.116(C)(8).

Next, defendants argue that the trial court should have dismissed plaintiff's case as barred by collateral estoppel because the federal court already determined that plaintiff had no physical injury resulting from the handcuffs. However, as plaintiff argues, defendants did not preserve this issue for appeal because it was not raised before and decided by the trial court. See *Walters v Nadell*, 481 Mich 377, 387; 751 NW2d 431 (2008). Thus, we decline to consider it.

Defendants also argue that, even if plaintiff stated a cognizable gross negligence claim, it must fail because no conduct was alleged that was so reckless as to demonstrate a substantial lack of concern for whether an injury would result to plaintiff. We disagree.

Under the governmental tort liability act (GTLA), MCL 691.1401 *et seq.*, governmental employees acting within the scope of their authority, with limited exceptions, are immune from tort liability. *Tarlea v Crabtree*, 263 Mich App 80, 89; 687 NW2d 333 (2004). However, a governmental employee may be liable in tort for personal injuries if the employee's actions constitute gross negligence that is the proximate cause of the injuries. *Id.*, see also MCL 691.1407(2)(c). "Gross negligence" is defined as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." MCL 691.1407(8)(a). As this Court explained in *Tarlea*, the gross negligence standard of care suggests "almost a willful disregard of precautions or measures to attend to safety and a singular disregard for substantial risks. It is as though, if an objective observer watched the actor, he could conclude, reasonably, that the actor simply did not care about the safety or welfare of those in his charge." *Tarlea*, 263 Mich App at 90 (footnote omitted).

In their motion for summary disposition, defendants argued that plaintiff's complaint failed to allege the type of egregious conduct required to assert a claim for gross negligence. However, plaintiff's complaint alleged that: (1) defendant Lubelan handcuffed him "in an extremely tight manner;" (2) defendant told Lubelan that the handcuffs were too tight and requested that they be loosened to which Lubelan responded "not to worry about it;" (3) defendant Weinrick heard plaintiff complain about the tightness of the handcuffs and did nothing; (4) when defendant Lubelan escorted plaintiff to the squad car, plaintiff again complained about being in pain and requested that the handcuffs be loosened to which Lubelan again responded "not to worry about it;" (5) at the squad car, defendant Lubelan lifted plaintiff's handcuffed wrists upwards in assisting plaintiff into the squad car, causing plaintiff to feel that the nerves in his neck were pinched; (6) in the backseat of the squad car, plaintiff was seated at

"a very awkward angle, with his arms twisted behind him;" (7) plaintiff again told both defendants that he was in pain, but nothing was done; (8) while waiting about 30 minutes to be taken to jail, plaintiff inquired as to why the handcuffs were so tight, and neither defendant responded; and (9) after arriving at the jail, plaintiff asked both defendants to loosen the handcuffs because he was in pain but nothing was done.

When evaluating a motion for summary disposition based on governmental immunity under MCR 2.116(C)(7), the factual allegations set forth in the complaint are accepted as true "unless affidavits or other appropriate documents specifically contradict them." *Fane v Detroit Library Comm*, 465 Mich 68, 74; 631 NW2d 678 (2001). The pleadings and documentary evidence must be construed in the light most favorable to the nonmoving party. *Clay v Doe*, 311 Mich App 359, 362; 876 NW2d 248 (2015) (citation omitted). Similarly, when reviewing a motion brought under MCR 2.116(C)(8), all factual allegations in support of the claim are construed as true, as well as any reasonable inferences that may be drawn from them. *Cipri v Bellingham Frozen Foods, Inc*, 213 Mich App 32, 41; 539 NW2d 526 (1995).

We disagree with defendants that their alleged conduct could not be construed as grossly negligent, i.e., "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." MCL 691.1407(8)(a). According to plaintiff, the handcuffs were extremely tight for a significant period of time and despite his numerous and repeated requests for assistance, his requests were completely ignored and neither defendant even checked the tightness of the handcuffs to verify or refute plaintiff's complaints. While it is undisputed that defendants had the right to handcuff plaintiff, clearly defendants did not have the right to do so in a manner that would cause significant or potentially permanent physical injuries. On the facts alleged, we conclude that reasonable jurors could honestly reach different conclusions as to whether defendants' conduct and failure to act demonstrates a willful disregard of precautions and measures to attend to plaintiff's safety, in disregard of the attendant risk of injury. See *Oliver v Smith*, 290 Mich App 678, 685; 810 NW2d 57 (2010); *Tarlea*, 263 Mich App at 90. In other words, an objective observer watching defendants' conduct could reasonably conclude that they simply did not care about plaintiff's safety or welfare. See *id*. Accordingly, the issue whether defendants' conduct constitutes gross negligence is a factual question for the jury and the motion for summary disposition under subrules (C)(7) and (C)(8) was properly denied. See *Oliver*, 290 Mich App at 685. However, as the trial court held, to succeed on his gross negligence claim, plaintiff must demonstrate that he sustained a physical injury—an issue that may be challenged in a subsequent motion for summary disposition brought under MCR 2.116(C)(10) after discovery is completed. See *Oliver*, 269 Mich App at 564-565.

Affirmed.


/s/ Mark J. Cavanagh
/s/ Karen M. Fort Hood