# STATE OF MICHIGAN

# COURT OF APPEALS

---

DANIEL WILLIAM RUDD,

Plaintiff-Appellant

v

ANDREA JOY AVERILL, formerly known as
ANDREA JOY WAGENMAKER, formerly
known as ANDREA JOY RUDD,

Defendant-Appellee.

UNPUBLISHED
December 18, 2018

No. 340135
Muskegon Circuit Court
LC No. 07-036874-DM

---

Before: SERVITTO, P.J., and STEPHENS and BOONSTRA, JJ.

PER CURIAM.

In this divorce action, plaintiff, Daniel Rudd, appeals as of right the trial court's August 25, 2017 Opinion and Final Order denying his motion for preliminary hearings and scheduling orders regarding his unresolved complaints for litigation costs, contempt sanctions, contempt proceedings against defense counsel and motion to disqualify the court. We affirm the trial court's decision on plaintiff's motion for disqualification and reverse in part the trial court's decision on plaintiff's motion for litigation costs, contempt sanctions and contempt proceedings, and remand to the trial court for an evidentiary hearing on costs and attorney fees.

## I. BACKGROUND

Plaintiff and defendant were married on August 1, 1997, in Muskegon County, Michigan. Plaintiff filed for divorce in August 2007 and a Judgment of Divorce (JOD) granting the parties joint legal and joint physical custody of their two minor children was entered in December 2007. Things were amicable between the parties for a while, but at some point plaintiff became concerned that the children were being exposed to domestic violence and alcohol abuse in the defendant's home she shared with her new husband, Eric Averill. He subsequently filed a Motion Regarding Custody and Parenting Time on April 4, 2012. On December 12, 2013, the trial court issued an order granting defendant's motion to appoint therapist Randy Flood "for evaluation, review and recommendation as to any parenting time and custodial issues in this matter" and the parties were ordered to schedule an appointment with Flood immediately.

On April 4, 2014, plaintiff filed a Motion for an Order to Show Cause for Contempt for defendant's failure to follow the December 2013 order and requested $2400 in attorney fees. The court issued another parenting time order on April 23, 2014, that stated that defendant was in

-1-

contempt of court for failure to comply with its December 2013 order. The order also stated "[t]his contempt may be purged by compliance with this modified Order for Custody and Parenting Time." Plaintiff's request for attorney fees was held in abeyance. In a subsequent order, the court awarded plaintiff full legal and physical custody of the children. Defendant was advised that she could petition the court for a custody hearing and additional parenting time upon demonstrating that she had fully addressed the issues identified in Flood's report.

In October 2014, defendant filed her first Motion to Restore Joint Legal Custody, Modify Parenting Time and No Contact Provision, and Purge Contempt arguing she and Eric had fully complied with the issues identified by Flood. At a hearing in December 2014, the parties agreed to have Flood reassess the parties and Eric on the issues of child custody and parenting time. At a March 2015 hearing the court inquired into defendant's progress. Based on admissions made by defendant, the court found she was not in full compliance because she was not in counseling at that time. In July 2015, plaintiff filed a motion for an evidentiary hearing to address the frivolous claims and misrepresentations made by defendant and counsel. Specifically, plaintiff argued that misrepresentations from defendant regarding her compliance required the parties to continually come to court and incur more expense.

In August 2015, defendant filed an Amended Motion to Restore Joint Legal Custody, Modify Parenting Time and No Contact Provision and Purge Contempt, that again argued she and Eric had fully complied with those issues identified by Flood. A hearing was held on both plaintiff's and defendant's motions on September 8, 2015. Plaintiff's counsel argued that defendant pay some of plaintiff's legal fees for plaintiff having to come back to court repeatedly on defendant's motions that she and her husband had met Flood's recommendations. The court stated that it had absolutely no power over how the parties chose to litigate and simply reacted to what was presented. However, it did threaten that if either party returned to the court prematurely going forward, it would assess costs. When asked by plaintiff's counsel if the court was going to address the issue of defendant's contempt that was still currently in abeyance, the court responded that it was not interested in dealing with the issue of contempt at that time. The court continued,

> …I could care less about contempt under these proceedings. These people have incredible contempt for one another, clearly. The issue is is [sic] how do we get to the point where these boys have their mother and their father in a reasonable relationship. That's what all of this rigmarole is really all about. So issues of me holding folks in contempt to be able to walk out of here and say, I won that one, does not do anything for is getting to the bottom around here.
>
> So that's kind of my – that's kind of how I'm looking at contempt here. You can term it whatever you choose to, my findings of contempt are going to be sparing because I've got a bigger goal in mind.

On September 17, 2015, the court issued an order that denied plaintiff's motion for an evidentiary hearing and costs in full. It did not issue an order purging the contempt. In January 2016, plaintiff and plaintiff's counsel stipulated for plaintiff's counsel to withdraw because plaintiff was in arrears of legal fees over $10,000.

Thereafter, defendant continued to file motions to modify custody & parenting time arguing her and her husband's compliance with Flood's recommendations. Each time plaintiff responded with assertions that defendant and her husband were not in compliance. He likewise continued to file motions requesting evidentiary hearings regarding his unresolved complaints for litigation costs and contempt sanctions due to defendant's non-compliance and unresolved contempt. Plaintiff also appealed a May 13, 2016 order stating that parenting time would revert to unsupervised as provided for in the JOD upon Eric's successful completion of drug testing. That appeal was later dismissed by the Court of Appeals for plaintiff having failed to timely file his brief on appeal. (*Daniel William Rudd v Andrea Joy Averill*, unpublished order of the Court of Appeals, issued December 20, 2016 (Docket No. 333809). In August 2017 plaintiff filed a motion to disqualify his then-current jurist. Defendant argued that disqualification was warranted because the judge had made numerous statements on the record showing a bias against plaintiff and a bias against remedial sanctions as evidenced by his continuous refusal to use them against a non-compliant defendant.

On August 25, 2017, the trial court issued an opinion and final order denying plaintiff's motion to disqualify, motion for preliminary hearings regarding unresolved complaints for litigation costs and contempt sanctions, and motion for contempt proceedings against defense counsel. It ruled that its action to hold defendant in contempt had been adequate to compel compliance with the court's orders and nothing further, including any hearings on the issue of contempt, was required. The Court did however grant plaintiff's request for a review of the parties support obligations and referred those issues to the Fried of the Court. The instant appeal followed.

## II. COSTS, ATTORNEY FEES AND SANCTIONS

Plaintiff first argues that the trial court erred when it failed to properly consider his request for costs and attorney fees under MCR 3.206(C)(2)(b) and MCL 600.1721. We agree. Defendant was entitled to a hearing to address his claims for litigation costs and attorney fees, and the trial court did err when it held that its common law use of coercion to compel defendant's compliance was sufficient instead of conducting a hearing to deal with the penalty for the contempt.

"[W]e review the court's decision whether to award attorney fees and the determination of the reasonableness of the fees for an abuse of discretion." *In re Temple Marital Trust*, 278 Mich App 122, 128; 748 NW2d 265 (2008). "Any findings of fact on which the trial court bases an award of attorney fees are reviewed for clear error, but questions of law are reviewed de novo[.]" *Reed v Reed*, 265 Mich App 131, 164; 693 NW2d 825 (2005) (internal citations omitted).

Attorney fees may be awarded in a divorce action when a party needs financial assistance to prosecute or defend the action. MCL § 552.13(1). "In domestic relations cases, attorney fees are authorized by both statute, MCL § 552.13, and court rule, MCR 3.206(C)." *Reed*, 265 Mich App at 164. Here, plaintiff bases his request for attorney fees partly on MCR 3.206(C).

MCR 3.206(C) provides

(1) A party may, at any time, request that the court order the other party to pay all or part of the attorney fees and expenses related to the action or a specific proceeding, including a post-judgment proceeding.

(2) A party who requests attorney fees and expenses must allege facts sufficient to show that

(a) the party is unable to bear the expense of the action, and that the other party is able to pay, or

(b) the attorney fees and expenses were incurred because the other party refused to comply with a previous court order, despite having the ability to comply.

Also relevant to this discussion is MCL 600.1721, a statutory contempt provision, which plaintiff argues in tandem with MCR 3.206(C)(2)(b). MCL 600.1721 provides that,

[i]f the alleged misconduct has caused an actual loss or injury to any person the court shall order the defendant to pay such person a sufficient sum to indemnify him, in addition to the other penalties which are imposed upon the defendant. The payment and acceptance of this sum is an absolute bar to any action by the aggrieved party to recover damages for the loss or injury.

The sum required by MCL 600.1721 "may include attorney fees that occurred as a result of the other party's contemptuous conduct." *Homestead Dev Co v Holly Twp*, 178 Mich App 239, 246; 443 NW2d 385 (1989).

The court found defendant in contempt in April 2014 on plaintiff's motion to show cause. It held that defendant's failure to comply with the court's December 2013 order caused the parties to spend hundreds of dollars returning to court. Plaintiff requested the $2400 in attorney fees he had incurred as a result of plaintiff's non-compliance. Despite the fact that defendant also agreed that she was in contempt, the court held plaintiff's request in abeyance stating that it would "take the contempt off the table" if defendant followed through with the modified order going forward. The court also issued a warning to defendant that if she failed to do so, it "would deal with the penalty for the contempt." A year later in March 2015, the court found defendant to not be in full compliance but still took no steps to deal with the penalty for the contempt. Plaintiff then incurred additional fees in July 2015 when he renewed his motion for attorney fees for defendant's contempt and as a result of defendant filing motions to purge her contempt in October 2014 and August 2015. At the September 2015 hearing regarding the August motion to purge, the court stated that it was no longer interested in contempt anymore in essence abandoning the issue of contempt at that time. Meanwhile plaintiff continued to spend time and money[1] filing motions in hopes that the court would eventually address the issue of defendant's contempt in an evidentiary hearing.

---

[1] As of January 2016, plaintiff was in arrears of legal fees over $10,000 and could no longer afford representation as evidenced by the stipulation for plaintiff' s counsel to withdraw on January 19, 2016.

Despite plaintiff's numerous motions, the court did not resolve the issue of defendant's contempt until it issued its final order in August 2017. In that order it stated its rationale for denying plaintiff relief was that "its common law use of coercion to compel defendant's compliance was sufficient." Contrary to the trial court's statement, the record shows that defendant's successful compliance was never fully achieved. Therefore, plaintiff still incurred attorney fees as a result of defendant's refusal to comply with the court's December 2013 order and her initiation of litigation when she filed motions to purge her contempt requiring plaintiff's time and response. Under MCL 600.1721, "a court must order a person found to be in contempt of court to indemnify any person who suffers an actual loss or injury as a result of the contemnor's misconduct." *Taylor v Currie*, 277 Mich App 85, 100; 743 NW2d 571 (2007). Accordingly, plaintiff's attorney fees were "an actual loss" for which he was entitled compensation. *Homestead Dev Co*, 178 Mich App at 246.

Plaintiff additionally argues that he was entitled to attorney fees as sanctions under MCL 600.2591(3)(a)(ii)[2] and MCR 2.114(D)(2)[3] because defendant's October 8, 2014 and August 11, 2015 motions to purge her contempt were frivolous and signed in violation of MCR 2.114. We disagree. "A trial court's finding that an action is frivolous is [also] reviewed for clear error." *Kitchen v Kitchen*, 465 Mich 654, 661–62; 641 NW2d 245 (2002). "A decision is clearly erroneous where, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made." *Id*.

Plaintiff asserts that the filing of defendant's motions to purge her contempt were frivolous because defendant was not in full compliance with the recommendations made by therapist Randy Flood and the court's April 23, 2014 order. "The determination whether a claim or defense is frivolous must be based on the circumstances at the time it was asserted." *Jerico Const, Inc v Quadrants, Inc*, 257 Mich App 22, 36; 666 NW2d 310 (2003). At the March 2015 hearing addressing defendant's October motion to purge, the court found defendant to not be in full compliance because she was not in counseling at the time of the hearing. However, defendant testified that she was engaged in parenting time alone with the children, was attending Al-Anon as recommended by Flood and was going to begin individual counseling with a new counselor. Similarly, as to defendant's August 2015 motion to purge addressed at the September 2015 hearing, plaintiff's counsel acknowledged that defendant and her husband had completed the appropriate counseling and that the parties were ready to move to co-parenting counseling based on the recommendation of the children's counselor. Taking these actions into account, it was not unreasonable for defendant to believe that she and her husband had substantially addressed the court's order and Flood's recommendations at the time she filed the motions. Defendant ultimately not being in full compliance did not make the filing of the motions or the signing of them by defense counsel frivolous. Thus, the trial court did not err when it held that plaintiff failed to show that defendant's filings were frivolous.

### III. JUDICIAL DISQUALIFICATION

---

[2] (*ii*) The party had no reasonable basis to believe that the facts underlying that party's legal position were in fact true.
[3] Under MCR 2.114(D)(2), when an attorney signs a document, the attorney is certifying that the information contained therein is well grounded in fact

Lastly plaintiff argues that this case should be remanded to a different judge under MCR 2.003(C) because the judge made statements on the record that indicated a bias against him as well as a bias against granting contempt and sanction relief. We disagree. Under MCR 2.003(C)(1)(a), a party challenging the impartiality of a judge "must prove a judge harbors actual bias or prejudice for or against a party or attorney that is both personal and extrajudicial." *Van Buren Twp v Garter Belt Inc*, 258 Mich App 594, 598; 673 NW2d 111 (2003).

Plaintiff has not proven any grounds for judicial disqualification. Furthermore, the record fails to show that the judge had a personal or extrajudicial bias against plaintiff as decisions were made by the judge that were favorable to both plaintiff and defendant's legal positions. Accordingly, plaintiff's claims of judicial disqualification, being unfounded, would not prevent this matter from returning to the same jurist on remand.

We affirm the trial court's decision on plaintiff's motion for disqualification and reverse in part the trial court's decision on plaintiff's motion for litigation costs and attorney fees, and remand to the trial court for an evidentiary hearing. On remand the court must consider the relevant factors for determining the reasonableness of the attorney fees to be awarded as set forth in *Smith v Khouri*, 481 Mich 519, 529-530; 751 NW2d 472 (2008). We retain jurisdiction.

/s/ Deborah A. Servitto
/s/ Cynthia Diane Stephens
/s/ Mark T. Boonstra

# Court of Appeals, State of Michigan

## ORDER

Daniel William Rudd v Andrea Joy Averill

Docket No. 340135

LC No. 07-036874-DM

Deborah A. Servitto
Presiding Judge

Cynthia Diane Stephens

Mark T. Boonstra
Judges

Pursuant to the opinion issued concurrently with this order, this case is REMANDED for further proceedings consistent with the opinion of this Court. We retain jurisdiction.

Proceedings on remand in this matter shall commence within 49 days of the Clerk's certification of this order, and they shall be given priority on remand until they are concluded. As stated in the accompanying opinion, the trial court is to consider the relevant factors for determining the reasonableness of the attorney fees to be awarded as set forth in *Smith v Khouri*, 481 Mich 519, 529-530; 751 NW2d 472 (2008). The proceedings on remand are limited to this issue.

The parties shall promptly file with this Court a copy of all papers filed on remand. Within seven days after entry, appellant shall file with this Court copies of all orders entered on remand.

The transcript of all proceedings on remand shall be prepared and filed within 21 days after completion of the proceedings.

/s/ Deborah A. Servitto

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

December 18, 2018
Date

Chief Clerk